**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
**ALISON M. MILNE, WSBA #40845**
Assistant United States Attorney
Alison.milne@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: (503) 727-1100
  Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **JACK MATTHEW HOGAN,** | **Case No. 3:23-cv-00765-HZ** |
| Plaintiff, | |
| v. | **DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| **THE UNITED STATES OF AMERICA,** | |
| Defendant. | |

**Page 1 -**  **Defendant's Amended Answer to Plaintiff's Complaint**

Defendant, by Natalie K. Wight, United States Attorney for the District of Oregon, through Assistant U.S. Attorney Alison Milne, answers Plaintiff Jack Hogan's ("Plaintiff") Complaint as follows. Defendant denies all allegations not specifically admitted.  Section headings are included for convenience only and do not constitute admissions.

## INTRODUCTORY STATEMENT

1.    **COMPLAINT:** This action is filed by Plaintiff Jack Hogan under 28 U.S.C. §§ 1346 and 2674 for acts and omissions of individual federal employees employed by the United States of America's Bureau of Land Management ("BLM"). On property owned by the United States of America that is managed by its BLM agency, an improperly positioned cattle guard intruded into a traveled roadway open for regular use to the public and caused a vehicle crash, resulting in serious and permanent injuries to Jack Hogan.

**RESPONSE:** Defendant admits Plaintiff filed this action under 28 U.S.C. §§ 1346 and 2674.  Defendant denies the remaining allegations in Paragraph 1.

2.    **COMPLAINT:** If the United States of America were a private person, liability would be imposed under the laws of the State of Oregon upon the private person and its employees and agents with responsibilities for the land and property near and at the vicinity where Plaintiff Jack Hogan was injured.

**RESPONSE:** Defendant denies the allegations in Paragraph 2.

3.    **COMPLAINT:** The exclusive remedy against Defendant and its agents and employees for negligence is under the Federal Tort Claims Act ("FTCA")

**Page 2 -     Defendant's Amended Answer to Plaintiff's Complaint**

pursuant to 28 U.S.C. §2679.

**RESPONSE:** Defendants admit the FTCA is the exclusive remedy against Defendant and its agents and employees for negligence, but Defendant denies there was negligence in this case.

4.    **COMPLAINT:** This Court has original and exclusive jurisdiction over Plaintiff Jack Hogan's federal tort claim pursuant to 28 U.S.C. §§ 1331 and 1346.

**RESPONSE:** Defendant admits this Court has original jurisdiction over claims brought under the FTCA.  Defendant denies there was negligence in this case.

5.    **COMPLAINT:** Plaintiff Jack Hogan gave timely notice of tort claim pursuant to 28 U.S.C. §2401(b).

**RESPONSE:** Defendant admits the allegation in Paragraph 5.

6.    **COMPLAINT:** That tort claim was denied by the United States of America. Less than six months have passed since the United State of America's final decision denying Plaintiff Jack Hogan's claim. All administrative prerequisites to filing suit under the FTCA have been met. Pursuant to 28 U.S.C. §2675(a), Plaintiff Jack Hogan may commence this action.

**RESPONSE:** Defendant admits the allegations in Paragraph 6.

7.    **COMPLAINT**: Venue is proper under 28 U.S.C. § 1402(b) in that Plaintiff Jack Hogan resides in Portland, Oregon, in this judicial district.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies

**Page 3 -    Defendant's Amended Answer to Plaintiff's Complaint**

them.

## PARTIES

**8.** **COMPLAINT:** Defendant United States of America is a proper party to this action brought pursuant to the statutory provisions of the FTCA seeking money damages for personal injury caused by the negligent acts and/or omissions of one or more federal employees while acting within the scope of their federal employment. 28 U.S.C. § 1346. Plaintiff Jack Hogan's allegations are against one or more federal employees who, at all material times, include employees of the United States Bureau of Land Management, part of the United States Department of the Interior, which is a "federal agency" as defined in the FTCA. 28 U.S.C. §2671. The Bureau of Land Management Oregon/Washington State Office is headquartered in Portland, Oregon.

**RESPONSE:** Defendant denies the allegations in the first sentence of Paragraph 8. Defendant admits that the Bureau of Land Management is part of the Department of the Interior and that its Oregon/Washington State Office is headquartered in Portland, Oregon.

**9.** **COMPLAINT:** Plaintiff Jack Hogan is a resident and citizen of the State of Oregon, residing in this judicial district.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form the truth of the allegations in Paragraph 9 and therefore denies them.

## FACTUAL ALLEGATIONS

**10.** **COMPLAINT:** Since the time Oregon was a territory of the United

**Page 4 -** **Defendant's Amended Answer to Plaintiff's Complaint**

States of America, an important transportation route between southeastern Oregon and northern Nevada has traveled generally north and south across primarily federal lands east of the Steens Mountain.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form the truth of the allegations in Paragraph 10 and therefore denies them.

11.   **COMPLAINT**: That transportation route in recent times has sometimes been called the Fields-Denio Road toward the south and the East Steens Road toward the north.

**RESPONSE:** Defendant admits that there is a road referred to as Fields-Denio Road, also known as East Steens Road or County Road 201, in Southeastern Oregon.

12.   **COMPLAINT:** The United States of America is the largest landowner in that southeastern part of Oregon through which that transportation route travels. In substantial part that transportation route is on land owned by the United States of America.

**RESPONSE:** Defendant admits the allegations in the first sentence of Paragraph 12.  Defendant admits the second sentence of Paragraph 12, but avers the transportation route at issue is a county road maintained and operated solely by Harney County, Oregon.

13.   **COMPLAINT:** Much of the land in that area that is owned by the United States of America is managed by the Bureau of Land Management. On information and belief, the state level BLM office in Portland is responsible for

**Page 5 -      Defendant's Amended Answer to Plaintiff's Complaint**

overseeing local maintenance and development plans, monitoring the quality and acceptability of facility maintenance work, ensuring effective sign planning and maintenance and compliance with sign standards, and providing leadership and guidance for planning, design, construction, maintenance and condition assessment of roads, which involves BLM policies to assure that maintenance of roads crossing public lands comply with applicable laws, and to assure that roads controlled by the BLM meet appropriate BLM road standards. On information and belief, for years BLM employees have used the described transportation route while involved in their work of managing, inspecting, and maintaining federal lands and property in the area.

RESPONSE:  Defendant admits that BLM's Burns District, which is part of BLM Oregon/Washington State Office headquartered in Portland, manages BLM-controlled roads in the area but denies that County Road 201 is a BLM-controlled road. Defendant lacks knowledge or information sufficient to form the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14.    COMPLAINT:  The Bureau of Land Management has divided some federal lands into grazing allotments. The Bureau of Land Management charges private parties for the right to graze livestock on BLM grazing allotment lands. In furtherance of doing so, the Bureau of Land Management typically has fences and other features to separate and enclose each grazing allotment, and to define the boundaries with adjacent grazing allotments.

RESPONSE:  Defendant admits that BLM grants permits to private

**Page 6 -    Defendant's Amended Answer to Plaintiff's Complaint**

individuals to graze livestock on BLM grazing allotment lands under conditions set forth in 43 C.F.R. Part 4100, and that fences often separate grazing allotments. Defendant denies the remaining allegations in Paragraph 14.

15.    **COMPLAINT:**  Township 31 S, Range 35E, Section 29 in southeastern Oregon is entirely owned by the United States of America and managed by the Bureau of Land Management.

**RESPONSE:**  Defendant admits that the United States owns land in Township 31 S, Range 35E, Section 29 in southeastern Oregon managed by BLM. Defendant clarifies that Harney County has a right-of-way in that section containing County Road 201, which is managed solely by Harney County.

16.    **COMPLAINT:**  Bureau of Land Management policies include management and protection of basic resources while providing a route system that accommodates public, private, and administrative access needs. In meeting these needs, Bureau of Land Management policy sets out that management priorities for transportation and road maintenance [sic] include the safety of users.

**RESPONSE:**  Defendant admits the allegations in Paragraph 16 as applied to the roads controlled by BLM; Defendant denies that County Road 201 is such a road.

17.    **COMPLAINT:**  Bureau of Land Management policy for roads of this traffic volume provide that such roads usually require application of the highest standards used by the BLM.

**Page 7 -     Defendant's Amended Answer to Plaintiff's Complaint**

**RESPONSE:** Defendant admits that BLM has policies for BLM-controlled roads depending on traffic volume but denies that BLM's policies and standards apply to County Road 201, which is controlled solely by Harney County. Defendant denies the remaining allegations in Paragraph 17.

18.    **COMPLAINT:** In Township 31S, Range 35E, Section 29 possessed by the United States of America, there is a fence across Defendant's land extending generally east and west that separates the BLM's Mann Lake grazing allotment area to the south of the fence from the BLM's Pollock grazing allotment area to the north of the fence. Where that fence reaches the described transportation route in that Section of land, generally known at that vicinity as East Steens Road, there is a cattle guard in the road separating the Bureau of Land Management grazing allotments.

**RESPONSE:** Defendant admits the allegations in Paragraph 18 but clarifies that Harney County has a right-of-way containing the road and cattle guard in question, and Harney County is solely responsible for operating and maintaining the road and cattle guard.

19.    **COMPLAINT:** Bureau of Land Management policy provides that to ensure adequate public vehicular access, gates and/or cattle guards should be installed in fences on every regularly used road.

**RESPONSE:** Defendant admits the allegations in Paragraph 19 as applied to roads controlled by BLM; Defendant denies that County Road 201 is such a road.

20.    **COMPLAINT:** Under Bureau of Land Management policy,

**Page 8 -    Defendant's Amended Answer to Plaintiff's Complaint**

improvements such as cattle guards on or relating to public lands must be constructed to Bureau of Land Management standards (unless a specific analysis justifies a modification or exception). Bureau of Land Management policy requires a minimum width for cattle guards to be not less than the nominal width of the adjacent travel way as measured at right angles to the road centerline.

**RESPONSE:** Defendant admits the allegations in Paragraph 20 as applied to cattle guards on roads controlled by BLM; Defendant denies that County Road 201 is such a road.

21.    **COMPLAINT:** At all material times, the cattle guard in Township 31 S, Range 35E, Section 29 on East Steens Road separating the BLM's Mann Lake grazing allotment area from the BLM's Pollock grazing allotment area was positioned improperly, not in conformance with Bureau of Land Management policy and/or standards, as the cattle guard was less than the nominal width of the adjacent roadway. The cattle guard is approximately 20 feet in width while the nominal width of the adjacent roadway is greater than 20 feet. As a result, at all material times, a portion of the cattle guard, including a component called the cattle guard wing, on the east side of the road extends into the traveled portion of the roadway.

**RESPONSE:** Defendant denies that BLM policies and standards apply to County Road 201. Defendant lacks knowledge or information sufficient to form the truth of the remaining allegations in Paragraph 21 and therefore denies

**Page 9 -    Defendant's Amended Answer to Plaintiff's Complaint**

them.

**22.    COMPLAINT:** As a result of the improper position of the cattle guard, at all material times, drivers in the northbound lane of the road located on land owned and possessed by the United States of America and managed by the Bureau of Land Management encounter a cattle guard wing that extends into the traveled roadway on their right.

**RESPONSE:** Defendant denies the allegations in Paragraph 22.

**23.    COMPLAINT:** At all material times, there were no advance warning signs and/or markings for northbound drivers as they approached the improperly placed cattle guard to alert drivers of the upcoming obstruction in their lane. There were no advance signs and/or markings of the narrowest point in the road where the cattle guard intrudes into the traveled roadway. At the cattle guard itself, the object marker on the right was not the proper marker and was improperly placed.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form the truth of the allegations in Paragraph 23 and therefore denies them.

**24.    COMPLAINT:** In recent times, Defendant through its Bureau of Land Management granted a nonexclusive Right of Way to Harney County. A Right of Way grant is an authorization to use a specific piece of public land for a certain project, and authorizes limited specific rights and privileges, with Defendant retaining the right to suspend or terminate a Right of Way grant and with Defendant retaining the right to add additional terms and conditions to the

**Page 10 -    Defendant's Amended Answer to Plaintiff's Complaint**

grant. The non-exclusive Right of Way granted by the Defendant through the BLM did not require Harney County to inspect, maintain, modify, or repair the described cattle guard.

**RESPONSE:** Defendant admits that it granted a right-of-way to Harney County to construct, operate, maintain and terminate public roads and highways, including the portion of County Road 201 at issue in the Complaint, pursuant to the Federal Land Policy and Management Act of 1976 ("FLPMA"), 43 U.S.C. § 1701 *et seq*. Defendant avers that the terms and conditions of the right-of-way and the provisions of FLPMA speak for themselves.

**25.    COMPLAINT:** Under the FTCA, the United States is liable for the negligent or wrongful acts of any employee while acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § l346(b)(l). Under Oregon law, the possessor of land has a non-delegable duty to make the premises reasonably safe for an invitee's visit. The possessor must exercise reasonable care to discover any condition that creates an unreasonable risk of harm to an invitee. The possessor must either eliminate the condition or warn any foreseeable invitee of the risk so the invitee can avoid the harm.

**RESPONSE:** Defendant respectfully directs the Court to the cited statute and law for complete and accurate statements of their contents.

**Page 11 -    Defendant's Amended Answer to Plaintiff's Complaint**

**26.    COMPLAINT:** On or about October 4, 2020, Plaintiff Jack Hogan was riding in a motor vehicle that was going north on the described road on federal lands as he was headed home. Jack Hogan was on the land as a member of the public for a purpose for which the land was held open to the public, and was then a public invitee on those federal lands.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form the truth of the allegations in the first sentence of Paragraph 26 and therefore denies them. Defendant denies the allegations in the second sentence of Paragraph 26.

**27.    COMPLAINT:** At that time and place, Plaintiff Jack Hogan was a restrained front seat passenger in the northbound motor vehicle. The road surface of the above-described road allowed for significant amounts of dust to be created during windy conditions and/or when other vehicles traveled the roadway. Accordingly, at the described time and place, due in part to dust in the area, on information and belief the driver of the vehicle in which Jack Hogan was riding was operating the vehicle in part by reference to the right edge of the roadway. The driver, acting in a reasonable and foreseeable manner, suddenly saw an obstruction in the right portion of the traveled northbound lane that was caused by the described cattle guard wing. Due to the cattle guard not being as wide as the road, the driver swerved to avoid striking the cattle guard wing, which resulted in the vehicle losing control and rolling over.

**Page 12 -    Defendant's Amended Answer to Plaintiff's Complaint**

**RESPONSE:** Defendant lacks knowledge or information sufficient to form the truth of the allegations in Paragraph 27 and therefore denies them.

28.    **COMPLAINT:** As a direct result of the unsafe conditions on Defendant's land described above, Plaintiff Jack Hogan, then age 26, was seriously and permanently injured in that vehicle crash, as is more fully described below.

**RESPONSE:** Defendant denies that it was responsible for the conditions of the road and cattle guard in question. Defendant lacks knowledge or information sufficient to form the truth of the remaining allegations in Paragraph 28 and therefore denies them.

**DUTY, NEGLIGENCE, FORESEEABILITY**

29.    **COMPLAINT:** Defendant, through its Bureau of Land Management employees and/or agents, was negligent in one or more of the following ways:

    a.  In having a cattle guard positioning that failed to comply with Bureau of Land Management policies and/or standards;

    b.  In failing to exercise reasonable care to properly inspect the cattle guard to ensure compliance with Bureau of Land Management policies and/or standards;

    c.  In failing to exercise reasonable care to discover the unsafe roadway condition;

    d.  In failing to properly maintain the cattle guard in compliance with Bureau of Land Management policies and/or standards;

    e.  In failing to take reasonable and feasible steps to eliminate the unsafe

**Page 13 -    Defendant's Amended Answer to Plaintiff's Complaint**

roadway condition;

**f.** In failing to warn users, including Plaintiff Jack Hogan, of the unsafe roadway condition;

**g.** In failing to have roadway signage and/or markings in conformance with Bureau of Land Management policies and/or standards;

**h.** In failing to properly inspect the roadway signage and/or markings to ensure compliance with Bureau of Land Management policies and/or standards;

**i.** In failing to properly maintain the roadway signage and/or markings in compliance with Bureau of Land Management policies and/or standards; and

**j.** In failing to take reasonable and feasible steps to eliminate the unsafe condition caused by the improper roadway warning signage and/or markings.

**RESPONSE:** Defendant denies the allegations in Paragraph 29.

**30.** **COMPLAINT:** Plaintiff Jack Hogan was within the class of persons foreseeably put at unreasonable risk by Defendant's described acts and omissions. Defendant, as the owner of lands, with an agency charged with the responsibility for managing those lands held open to the public, knew or should have known that each of the acts or omissions described below foreseeably would put people, including Plaintiff, at risk, that such acts or omissions risked serious

**Page 14 -    Defendant's Amended Answer to Plaintiff's Complaint**

injury to others, and that such injuries were preventable in the exercise of reasonable care:

a. If it failed to have a cattle guard on a road regularly used by the public on federal lands positioned in compliance with Bureau of Land Management policies and/or standards;

b. If it failed to exercise reasonable care to properly inspect a cattle guard on a road regularly used by the public on federal lands to ensure compliance with Bureau of Land Management policies and/or standards;

c. If it failed to exercise reasonable care to discover an unsafe condition on a road regularly used by the public on federal lands;

d. If it failed to properly maintain a cattle guard on a road regularly used by the public on federal lands in compliance with Bureau of Land Management policies and/or standards;

e. If it failed to take reasonable and feasible steps to eliminate an unsafe condition on a road regularly used by the public on federal lands;

f. If it failed to warn users of a road regularly used by the public on federal lands of an unsafe condition;

g. If it failed to have roadway signage and/or markings on a road regularly used by the public on federal lands in conformance with Bureau of Land Management policies and/or standards;

**Page 15 -    Defendant's Amended Answer to Plaintiff's Complaint**

h. If it failed to properly inspect roadway signage and/or markings on a road regularly used by the public on federal lands to ensure compliance with Bureau of Land Management policies and/or standards;

i. If it failed to properly maintain roadway signage and/or markings on a road regularly used by the public on federal lands in compliance with Bureau of Land Management standards; and

j. If it failed to take reasonable and feasible steps to eliminate unsafe roadway warning signage and/or markings on a road regularly used by the public on federal lands.

**RESPONSE:** Defendant denies the allegations in Paragraph 30.

## DAMAGES

**31.    COMPLAINT:** The negligence of Defendant, through its employees, was a substantial factor in causing Plaintiff Jack Hogan to suffer permanent harm and injuries to his cervical spine, including permanent tetraplegia (also called quadriplegia) with motor and sensory neurological dysfunction, bowel and bladder and related organ dysfunction, inability to walk, fear, pain, discomfort, disability, loss of sleep, emotional distress, anxiety, interference with normal life activities, and loss of enjoyment of life, all to his human, non-economic damage and losses in an amount to be determined by the Court in accordance with the law and the evidence, not to exceed $38,697,517.

**RESPONSE:** Defendant denies the allegations in Paragraph 31.

**Page 16 -    Defendant's Amended Answer to Plaintiff's Complaint**

**32.    COMPLAINT:**  As a result of the described injuries, Plaintiff Jack Hogan has required the care and services of hospitals, physicians, surgeons, nurses, physical therapists, other healthcare specialists and facilities, care givers, diagnostic imaging, medical products, and medications, and in the future he will require additional medical and assistive care, products, and services; also as a result of the described injuries, Plaintiff Jack Hogan has also suffered a loss of income and an impairment of earning capacity, all to his economic loss in an amount to be determined by the Court in accordance with the law and the evidence, not to exceed $38,697,517.

**RESPONSE:**  Defendant lacks knowledge or information sufficient to form the truth of the allegations in Paragraph 32 and therefore denies them.

**33.    COMPLAINT:**  Pursuant to the FTCA, Plaintiff Jack Hogan's total damages may not exceed $59,000,000.

**RESPONSE:**  Defendant admits the allegation in Paragraph 33.

The remainder of the Complaint is a prayer for relief to which no response is required.  To the extent that the Court requires a response, Defendant denies the allegations set forth in the complaint and denies Plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

**1.**    If any liability is attributed to the United States, it is limited to the United States' proportionate share of the fault.  To the extent the damages claimed by Plaintiff are the fault of Plaintiff or of any third-party, Plaintiff's recovery must be reduced in accordance with O.R.S. § 31.600.

**Page 17 -    Defendant's Amended Answer to Plaintiff's Complaint**

a. The motor vehicle accident referenced in the Complaint involving the vehicle operated by Ms. Goma Petit resulted from Ms. Goma Petit's negligence in the following particulars:

  i. In failing to keep the motor vehicle under proper or adequate control to avoid leaving the roadway;

  ii. In failing to keep a proper lookout; and

  iii. In operating the vehicle at a speed which was greater than was reasonable and prudent, with due regard to circumstances and conditions then and there existing.

b. To the extent the damages claimed by Plaintiff are the fault of Ms. Goma Petit, Plaintiff's recovery must be reduced in accordance with O.R.S. § 31.600.

c. The motor vehicle accident referenced in the Complaint resulted from Harney County's negligence in installing and maintaining the cattle guard and associated road signs; maintaining County Road 201; and failing to warn of any roadway hazards.

d. Upon information and belief, Plaintiff timely submitted a notice of claim to Harney County pursuant to ORS 30.275.

e. To the extent the damages claimed by Plaintiff are the fault of Harney County, Plaintiff's recovery must be reduced in accordance with O.R.S. § 31.600.

2. The United States is entitled to immunity under the recreational

**Page 18 -   Defendant's Amended Answer to Plaintiff's Complaint**

immunity statute, O.R.S. § 105.682.

   a. The United States holds title to the land where the accident occurred and permitted the use of the land by the public for recreational purposes.

   b. Plaintiff used the land for recreational purposes, i.e., traveling to and from a recreational camping site.

   c. The United States did not charge Plaintiff a fee to use the land.

**3.**    The United States has, or may have, additional affirmative defenses which are not yet known to Defendant, but which may become known through future discovery. Defendant asserts each and every affirmative defense that may be supported by the evidence as it is revealed or developed through future discovery.

DATED this 6th day of December, 2023.

NATALIE K. WIGHT
United States Attorney
District of Oregon

*/s/ Alison M. Milne*
ALISON M. MILNE
Assistant United States Attorney

Attorneys for the United States

**Page 19 -    Defendant's Amended Answer to Plaintiff's Complaint**