**Don Corson, OSB #851777**
dcorson@corsonjohnsonlaw.com
**THE CORSON & JOHNSON LAW FIRM**
940 Willamette Street, Suite 500
Eugene, Oregon 97401
Telephone: (541) 484-2525
Facsimile: (541) 484-2929
**Of Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JACK MATTHEW HOGAN,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No.: 3:23-cv-00765-HZ<br><br>**PLAINTIFF'S RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES, AND SUPPORTING LEGAL MEMORANDUM**<br><br>**Oral Argument Requested** |

### LOCAL RULE 7-1(a) CERTIFICATION STATEMENT

Pursuant to Local Rule 7-1(a), counsel for Plaintiff Jack Hogan conferred in good faith with counsel for Defendant, including through telephone conferences, to resolve this dispute, and counsel have been unable to do so.

### INTRODUCTION

Defendant's Amended Answer asserts two affirmative defenses that are insufficient

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 1**

as a matter of law, and accordingly should be stricken pursuant to Fed. R. Civ. P. 12(f). The first affirmative defense in part seeks an allocation of fault with third parties that is expressly prohibited by the applicable substantive law. The third affirmative defense is insufficient because it does not give fair notice to Plaintiff Jack Hogan what defenses are asserted or the grounds for those defenses. Plaintiff's motions are supported by the following memorandum of law, as well as the declaration of Plaintiff's counsel Don Corson.

## MOTION 1

Plaintiff Jack Hogan moves to strike Defendant's First Affirmative Defense.

## MOTION 2

Plaintiff Jack Hogan moves to strike Defendant's Third Affirmative Defense.

## MEMORANDUM OF LAW

### Motion 1: Striking Defendant's First Affirmative Defense

(A) Defendant is not allowed to Allocate Fault to Third Party Defendants Harney County or Ms. Petit

Allocation of fault amongst parties is a substantive issue, and Oregon law determines whether or not fault can be allocated to certain third parties. Defendant's attempt to allocate fault to add time-barred third parties is prohibited by Oregon substantive law, O.R.S. 31.600(2)(c).

Defendant's first affirmative defense states in relevant part:

"If any liability is attributed to the United States, it is limited to the United States' proportionate share of fault. To the extent the damages claimed are the fault of Plaintiff or of any third-party, Plaintiff's recovery must be reduced in

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 2**

accordance with O.R.S. §31.600."

Defendant's original Answer did not identify any "third-party." Defendant filed its Third Party Complaint on November 29, 2023, naming as third-party defendants Harney County, Oregon, and Ms. Aida Petit. Harney County is the county in which the BLM-managed federal property involved is located, and Ms. Petit was the driver of the automobile in which Jack Hogan was a passenger at the time he was injured on that BLM-managed federal property. On December 6, 2023, Defendant filed its Amended Answer.

Because the underlying statute of limitations as to Harney County and as to Ms. Petit has run, Oregon substantive law prohibits allocation of fault to them. O.R.S. 31.600(2)(c) provides in relevant part:

> "Except for persons who have settled with the claimant, there shall be no comparison of fault with any person . . . Who is not subject to action because the claim is barred by a statute of limitation or statute of ultimate repose."

Because neither Harney County nor Ms. Petit settled with Plaintiff Jack Hogan (see accompanying Declaration of Plaintiff's Counsel Don Corson), and because the claim as to each of them is barred by a statute of limitation, no comparison of fault with either of them is permitted under Oregon substantive law.

The Oregon Supreme Court continues to follow the statutory construction approach it laid out in *State v. Gaines*, 346 Or. 160, 171-72, 206 P.3d 1042 (2009). A matter of statutory construction is resolved "by giving effect to the intent of the legislature as

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 3**

demonstrated by the text, context, and any helpful legislative history." *State v. B.Y. (In re B.Y.),* 371 Or. 364, 371 (2023).

The starting point is the text of the statute itself: "We begin -- as exercises in statutory interpretation always should begin -- with the text of the statute." *Gaines,* 346 Or at 175. The Oregon Supreme Court has explained, "as this court and other authorities long have observed, there is no more persuasive evidence of the intent of the legislature than 'the words by which the legislature undertook to give expression to its wishes.' Only the text of a statute receives the consideration and approval of a majority of the members of the legislature, as required to have the effect of law. Or. Const., Art. IV, § 25. The formal requirements of lawmaking produce the best source from which to discern the legislature's intent, for it is not the intent of the individual legislators that governs, but the intent of the legislature as formally enacted into law." *Gaines*, 346 Or at 171 (internal citations omitted).

The text of the controlling statute here is plain and unambiguous. In relevant part, O.R.S. 31.600(2) expressly provides: "Except for persons who have settled with the claimant, there shall be no comparison of fault with any person . . . (c) Who is not subject to action because the claim is barred by a statute of limitation or statute of ultimate repose."

A claim against either Harney County or Ms. Petit is barred by a statute of limitation. Plaintiff Jack Hogan was injured on October 4, 2020. As an adult, he had two years to bring a claim for personal injury against either Harney County or Ms. Petit under Oregon's statutory substantive law. O.R.S. 12.110(1). That two year period expired by October 4,

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 4**

2022. Jack Hogan did not settle with either Harney County or with Ms. Petit. The clear text of the statute accordingly applies: "[T]here shall be no comparison of fault with any person . . .[w]ho is not subject to action because the claim is barred by a statute of limitation." Oregon substantive law, including the specific statute cited by Defendant in its Affirmative Defense, does not allow allocating or apportioning fault to either Harney County or to Ms. Petit.

The second step in understanding a statute may be consideration of pertinent legislative history. The Oregon Supreme Court has explained,

> "a party seeking to overcome seemingly plain and unambiguous text with legislative history has a difficult task before it. Legislative history may be used to confirm seemingly plain meaning and even to illuminate it; a party also may use legislative history to attempt to convince a court that superficially clear language actually is not so plain at all-that is, that there is a kind of latent ambiguity in the statute. For those or similar purposes, whether the court will conclude that the particular legislative history on which a party relies is of assistance in determining legislative intent will depend on the substance and probative quality of the legislative history itself. We emphasize again that ORS 174.020 obligates the court to consider proffered legislative history only for whatever it is worth-and what it is worth is for the court to decide. When the text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests-or even confirms-that legislators intended something different."

*Gaines,* 346 Or. at 172-173 (footnotes omitted).

The legislative history here does not suggest any different meaning, but instead fully supports the text of the statute: There shall be no comparison of fault with any person where that claim is barred by a statute of limitation. Because the Legislature's intent is clear after

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 5**

examining text, context, and legislative history, this Court need not resort to general maxims of statutory construction.

There is a general overview of the legislative history of what is now O.R.S. 31.600 in *Miller v. Agripac, Inc.*, 322 Or. App. 202, 518 P.3d 956 (2022). That case traces the evolution of the law from before 1971 to its present form, and identifies that the key amendments to the statute were in 1995. Those amendments resulted in the current law, which is that there is no comparison of fault with persons "not subject to action because the claim against them is barred by a statute of limitation . . . unless they have settled with the claimant . . . ." *Id.* at 211.

Defendant's first affirmative defense, in seeking to allocate fault to third-parties to whom fault cannot be allocated, is an insufficient defense that cannot be cured by repleading, and accordingly that part of the defense should be stricken without leave to replead.

(B) Defendant's unsupported pleading of "fault of Plaintiff" is legally insufficient

The first paragraph of Defendant's Affirmative Defenses uses the phrasing, "[t]o the extent the damages claimed are the fault of Plaintiff . . . ." This does not actually allege that Plaintiff was at fault, and does not give Plaintiff Jack Hogan fair notice of what fault Defendant may wish to claim. When a defense fails to provide fair notice to a plaintiff, a motion to strike is proper, with leave to replead. "While a defense need not include extensive factual allegations in order to give fair notice [citing *Security People, Inc. v. Classic Woodworking, LLC,* No. C–04–3133, 2005 WL 645592, at *2 (N.D.Cal.2005)], . . . bare

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 6**

statements reciting mere legal conclusions may not be sufficient. *CTF Development, Inc. v. Penta Hospitality*, LLC, No. C 09–02429, 2009 WL 3517617, at \*7 (N.D.Cal.2009)." *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284 \*1 (N.D. Cal. 2010). "Fair notice generally requires that the defendant state the nature *and grounds* for the affirmative defense." *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (emphasis supplied).

An Oregon example is found in *Fathers & Daughters Nevada, LLC v. Moaliitele*, 2016 WL 7638187, \*5 (D. Or. 2016). In that copyright infringement case, Judge Simon noted that "[a]n affirmative defense may be struck if it is insufficient. '"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."' *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979))." *Id.* at \*1. The defendant in *Fathers & Daughters Nevada, LLC*, raised a "fair use" defense but made no allegations as to what specific fair use was contended. Judge Simon wrote, "fair use includes many possible uses and Defendant offers no allegation as to what specific fair use he contends. The Court recognizes that this defense is highly factual and generally governed on a case-by-case basis for which a motion strike would not be an appropriate challenge. In this case, however, because Defendant's Answer is devoid of any allegations whatsoever that relate to fair use, the Court grants Plaintiff's motion. Defendant has leave to replead to include a general description of his alleged fair use defense that will provide fair notice to Plaintiff." *Id.* at \*5.

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 7**

Similarly, Defendant's pleading here is devoid of any allegations that relate to any fault of Plaintiff Hogan. Defendant alleges no grounds for claiming Plaintiff Hogan may have been at fault. There are many possible ways a person can be claimed to be at fault. Defendant's pleadings do not give Plaintiff fair notice of what fault Defendant claims. It has been well over a year since Plaintiff Hogan filed his tort claim notice, which allowed the government to start to investigate his claim for injuries which occurred when he was a seat-belted passenger in an automobile. In conferral, Defendant did not identify any potential fault of Plaintiff. Plaintiff Hogan is unaware of any basis to claim he was at fault, has no fair notice of what this defense might encompass, and so is not able to prepare to respond. Efficiency would be promoted by striking the existing allegation and allowing Defendant to replead to state a sufficient affirmative defense.

## Motion 2: Striking Defendant's Third Affirmative Defense

The third paragraph entitled Affirmative Defenses in Defendant's Amended Answer asserts:

> "The United States has, or may have, additional affirmative defenses which are not yet known to Defendant, but which may become known through future discovery. Defendant asserts each and every affirmative defense that may be supported by evidence as it is revealed or developed through future discovery."

Federal Rule of Civil Procedure 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Again, at the pleading stage, "[t]he key to determining the sufficiency of ... an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak*

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 8**

*v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson,* 355 U.S. 41, 78 (1957)). As noted also above, "[a]lthough the fair notice standard does not require a detailed statement of facts, 'it does require the defendant [to] state the nature and grounds for the affirmative defense.'" *Redwind v. Western Union, LLC,* 2019 WL 7039966, at *2 (D. Or. Nov. 19, 2019) (quoting *Fed. Trade Comm'n v. Adept Mgmt., Inc.,* 2017 WL 1055959, at *1 (D. Or. Mar. 20, 2017); see also *Mass Engineered Design, Inc v. Planar Sys., Inc.,* 2017 WL 7313944, at *2 (D. Or. Nov. 27, 2017)).

The United States' third "affirmative defense" does not state the nature or ground for any affirmative defense, and instead seeks essentially to reserve the right to "each and every affirmative defense" at some indefinite future point in time. This is improper and does not satisfy the fair notice standard. For that reason, courts across the United States and the Ninth Circuit, including in this District, routinely strike such affirmative defenses as insufficient as a matter of law. *See, e.g., Redwind,* 2019 WL 7039966, at *3 ("[T]here is no basis in the Federal Civil Procedure Rules for 'reserving' unasserted and unsupported affirmative defenses as to which plaintiffs lack any particularized notice." (quoting *Hadar v. Wilson,* 2011 WL 2600442, at *10 (D. Or. June 28, 2011)); *Kohler v. Staples the Office Superstore, LLC,* 291 F.R.D. 464, 473 (S.D. Cal. 2013) ("The mere reservation of affirmative defenses is not an affirmative defense." (internal quotation marks omitted)); see also *Courtland Co., Inc., v. Union Carbide Corp.,* 2021 WL 1868313, at *3 (S.D.W.V. May 10, 2021) ("A reservation of potential future defenses is inappropriate primarily because it is not really an

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 9**

assertion of any affirmative defense." (citing cases)).

Plaintiff Hogan additionally notes that certain defenses that emerge through later discovery may be asserted through an amended or supplemental pleading, in accordance with Fed. R. Civ. P. 12(b). A party may not claim to assert in advance each and every claim or defense that might be supported by future evidence, but is instead to seek amendment as to any such additional matters in accordance with the Rules.

Finally, Plaintiff Hogan notes that, to the extent that the United States failed to assert certain affirmative defenses in its initial Answer, it has waived those defenses and cannot raise them through an amended pleading. See Fed. R. Civ. P. 12(h)(1), (2).

For the reasons explained in the first motion, the existing allegations do not give Plaintiff Jack Hogan fair notice of what defenses Defendant asserts, and accordingly the third affirmative defense is insufficient and should be stricken. Plaintiff Hogan has no way of knowing what those potential additional defenses may be, and so is unable to properly prepare his case under the current pleadings. Defendant should be given leave to replead its Third Affirmative defense to state the nature and grounds of any specific affirmative defense Defendant wishes to raise.

## CONCLUSION

Defendant's first affirmative defense should be stricken, without leave to replead allocation of fault to the third parties, but with leave to replead the nature and grounds of any fault of Plaintiff Jack Hogan that Defendant wishes to allege. Defendant's third affirmative

**PLAINTIFF'S RULE 12(F) MOTIONS - Page 10**

defense should be stricken, with leave to replead to allege the nature and grounds of any additional affirmative defense Defendant wishes to assert at this time that is not prohibited by law.

DATED this 6th day of December 2023.

Don Corson, OSB# 851777
Email: dcorson@corsonjohnsonlaw.com
Of Attorneys for Plaintiff