**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
**ALISON M. MILNE, WSBA #40845**
Assistant United States Attorney
Alison.milne@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: (503) 727-1100
        Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JACK MATTHEW HOGAN,** | Case No. 3:23-cv-00765-HZ |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 12(F) MOTION AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES** |
| v. | |
| **THE UNITED STATES OF AMERICA,** | |
| Defendant. | |

Defendant, by Natalie K. Wight, United States Attorney for the District of Oregon,

through Assistant U.S. Attorney Alison Milne, responds to Plaintiff Jack Hogan's

("Plaintiff") Rule 12(F) Motion Against Defendant's Affirmative Defenses.

INTRODUCTION AND BACKGROUND

Plaintiff filed a lawsuit asserting claims against the United States for injuries he

sustained in a single-car accident on October 4, 2020 in Harney County.  He claims that the

**Page 1        Defendant's Response to Plaintiff's Motion Against Defendant's
                Affirmative Defenses**

driver of the car in which Plaintiff was a passenger, Aida M. Goma Petit, swerved to avoid a cattle guard that was "positioned improperly," resulting in the vehicle losing control and rolling over. He faults the United States for the allegedly improperly positioned cattle guard. He has named no other defendants in the lawsuit.

In response to Plaintiff's complaint, Defendant filed an Amended Answer alleging three affirmative defenses, and filed a third-party complaint against Harney County and Ms. Goma Petit. ECF 25. Defendant's first affirmative defense argues that if the United States is found liable, its liability should be limited to its proportional share of fault and that Plaintiff's recovery must be reduced in accordance with O.R.S. § 31.600 to the extent damages are the fault of Plaintiff or any third-party. *Id.* at 17. Defendant's Amended Answer specifically names Harney County and Ms. Goma Petit as potentially liable third parties and lists the particulars of negligence alleged against them. *Id.* at 17.

Defendant's second affirmative defense asserts immunity under the recreational immunity statute, O.R.S. § 105.682. Plaintiff does not challenge that defense.

Defendant's third affirmative defense asserts that Defendant has, or may have, additional affirmative defenses which are not yet known to Defendant, but which may become known through future discovery, and Defendant asserts each and every affirmative defense that may be supported by the evidence as it is revealed or developed through future discovery. *Id.*

Other than initial disclosures, discovery has not yet been exchanged. Nevertheless, Plaintiff moves to strike Defendant's first and third affirmative defenses, claiming that Defendant's first affirmative defense is prohibited under Oregon law and that Defendant's

**Page 2      Defendant's Response to Plaintiff's Motion Against Defendant's
          Affirmative Defenses**

third affirmative defense does not provide Plaintiff with notice of the defenses asserted or the grounds for those defenses. ECF 26.

For the reasons that follow, the Court should reject Plaintiff's motion. Defendant's affirmative defenses adequately put Plaintiff on notice of the defenses known at this early stage of litigation. The defenses also conform with Oregon law on comparative fault.

## LEGAL STANDARDS

### Pleading Standards for Affirmative Defenses

An answer must "affirmatively state any avoidance or affirmative defense." Fed. Civ. P. 8(c)(1). A court may strike an affirmative defense if it if it presents "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The disposition of a motion to strike is within the discretion of the district court, but such motions 'are disfavored and infrequently granted.'" *Complete Distribut. Servs., Inc. v. All States Transp., LLC*, No. 3:13-cv-00800-SI, 2015 WL 1393281, at *3 (D. Or. Mar. 25, 2015) (citation omitted); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings.") (quotation marks and brackets omitted).

The Ninth Circuit has held that the "key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Even after the Supreme Court's decisions requiring heightened pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Ninth Circuit reaffirmed the "fair notice" standard,

**Page 3        Defendant's Response to Plaintiff's Motion Against Defendant's
                Affirmative Defenses**

*see Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015), and courts in this district have continued to follow the "fair notice" standard to determine the sufficiency of an affirmative defense. *See Fathers & Daughters Nev., LLC v. Moaliitele,* No. 3:16-cv-926-SI, 2016 WL 7638187, at *2 (D. Or. Dec. 19, 2016) (finding that defenses need only be described in general terms); *Est. of Manstrom-Greening v. Lane County,* 393 F. Supp. 3d 1035, 1038 (D. Or. 2019) (*citing Kohler*, 779 F.3d at 1019 (citation and quotations omitted) (stating that an affirmative defense is adequately pled if the answer provides a plaintiff with fair notice of the defense which only requires describing the defense in general terms); *Jones v. City of Portland*, No. 3:18-CV-01485-SB, 2018 WL 7078670 (D. Or. Dec. 21, 2018), *report and recommendation adopted*, No. 3:18-CV-01485-SB, 2019 WL 267716 (D. Or. Jan. 17, 2019) (applying the fair notice standard). As discussed in *Fathers & Daughters Nev., LLC v. Moaliitele*, Plaintiffs and Defendants are not similarly situated at the pleadings stage. *Id.* at *7. Plaintiffs have the benefit of time to investigate claims allowing them to allege specific facts in complaints. *Id.* Requiring Defendants to adhere to a heightened pleading standard when answering would be unreasonable. *Id.*

**Oregon Substantive Law on Comparative Fault**

Under Oregon law, "[t]he trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled." O.R.S. 31.600(2). The statute specifically provides that "[t]he failure of a claimant to make a direct claim against a third party defendant does not affect the requirement that the fault of the third party defendant be considered by the trier of fact under this

**Page 4**      **Defendant's Response to Plaintiff's Motion Against Defendant's Affirmative Defenses**

subsection." *Id.* Defendants are required by O.R.S. 31.600(3) to file third party complaints or otherwise affirmatively allege the fault of a tortfeasor whom defendants contend have not been joined in the action or who settled with the plaintiffs. *Lasley v. Combined Transp., Inc.*, 351 Or. 1, 261 P.3d 1215 (2011). "The running of the statute of limitations applicable to a claimant's right of recovery against a tortfeasor shall not operate to bar recovery of contribution against the tortfeasor or the claimant's right of recovery against a tortfeasor specified in O.R.S. 31.600(2) who has been made a party by another tortfeasor." O.R.S. 31.810(5).

## ARGUMENT

### A. Defendant is entitled to allocate fault to Third-Party Defendants Harney County and Ms. Aida Goma Petit.

Plaintiff contends that Defendant is not allowed to allocate fault to the third-party defendants because the two-year statute of limitations applicable to Plaintiff's claims has run. Pl. Mot. at 4.

Plaintiff is mistaken. Although Plaintiff is now time-barred from bringing claims directly against Harney County and Goma Petit, Defendant is not. *See* ORS 31.600(2) ("Except for persons who have settled with the claimant, there shall be no comparison of fault with any person: . . . Who is not subject to action because the claim is barred by a statute of limitation or statute of ultimate repose."). Defendant's third-party claim is not time-barred. *See, e.g., Janitscheck v. United States*, 45 F. App'x 809, 812 (9th Cir. 2002) (holding that the United States could seek apportionment of damages "[r]egardless of when defendants are expected to join the potentially responsible party" under Alaska law).

**Page 5**      **Defendant's Response to Plaintiff's Motion Against Defendant's Affirmative Defenses**

Moreover, Oregon law is clear that "[t]he running of the statute of limitations applicable to a claimant's right of recovery against a tortfeasor shall not operate to bar recovery of contribution against the tortfeasor or the claimant's right of recovery against a tortfeasor specified in ORS 31.600(2) who has been made a party by another tortfeasor." O.R.S. 31.810(5). Defendant United States made Harney County and Ms. Goma Petit parties when it filed its Third-Party Complaint. ECF 21 (amended by ECF 28). The failure of Plaintiff to make direct claims against Harney County and Ms. Goma Petit does not eliminate the need for this Court to consider their fault or bar Defendant from bringing its own claims against them. O.R.S. 31.600.

Plaintiff's argument that Defendant's first affirmative defense claims are barred by O.R.S. 31.600 is incorrect and illogical. Plaintiff contends that Defendant's ability to attribute fault to Harney County or Ms. Goma Petit ended when the statute of limitations for him to bring his own claim against them ended on October 4, 2022, two years after the accident at issue. ECF 26 at 4-5. Following Plaintiff's logic, Defendant would have had to raise its affirmative defense concerning Harney County and Ms. Goma Petit nearly eight months before Plaintiff filed his lawsuit against Defendant on May 25, 2023. *See* ECF No. 1. Plaintiff misinterprets the substantive law. Defendant was entitled and required to affirmatively allege the fault of Harney County and Ms. Goma Petit. *Lasley*, 351 Or. 1, 261 P.3d 1215.

"A claimant may not immediately bring a court action against the United States under the FTCA. He or she must first file an administrative claim with the appropriate agency, and may not file an action until the agency has denied the claim or has not acted on it within six

**Page 6      Defendant's Response to Plaintiff's Motion Against Defendant's Affirmative Defenses**

months." *Poindexter v. United States*, 647 F.2d 34, 37 (9th Cir. 1981) (citing 28 U.S.C. §§ 2401(b), 2675(a)). The FTCA limitations periods govern in an FTCA claim, allowing Plaintiff more time than allowed under Oregon law to file suit. *See id.* at 36. To allow the stricter state limitations period on tort actions to apply in determining comparative fault under the FTCA would contravene Congressional intent embodied in 28 U.S.C. Section 2401(b). Accordingly, the Court should hold that the FTCA preempts O.R.S. 31.600 to the extent it operates as a statute of limitations on the right to seek allocation of fault. *See Poindexter*, 647 F.2d at 37 (holding that an Arizona statute "functions as a statute of limitations and, as such, is preempted by the federal statute of limitations, 28 U.S.C. § 2401(b)"); *Bennett v. United States*, 44 F.4th 929, 931 (9th Cir. 2022) (noting that "there is no dispute that the FTCA's timing provisions act as a statute of limitations that supersedes any state statute of limitations").

**B. Defendant's Pleading of Fault of Plaintiff and its Third Affirmative Defense are sufficiently pled.**

The Court should deny Plaintiff's motion to strike Defendant's affirmative defense pleading the fault of Plaintiff and the reservation of pleading further affirmative defenses to conform with the evidence as it develops. Defendant has properly pled its affirmative defenses so as to provide adequate notice of its affirmative defenses to Plaintiff at this early stage of litigation. The affirmative defenses do not raise "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Oregon law is mandatory that the fault of the plaintiff as 'the claimant' *must be* compared with those of defendants, i.e., those 'against whom recovery is sought.'" *Poe v. Cook*, No. 2:17-cv-00062-SU, 2019 U.S. Dist. LEXIS 137033, at *9 (D. Or. Aug. 14, 2019) (quoting O.R.S. § 31.600(2);

**Page 7**      **Defendant's Response to Plaintiff's Motion Against Defendant's Affirmative Defenses**

emphasis in original). Moreover, discovery has not yet been conducted, and it is premature for the Court to strike affirmative defenses.  Accordingly, the Court should deny the remainder of Plaintiff's motion to strike.[1]

## CONCLUSION

Defendant's affirmative defenses are permissible and sufficiently pled.  This Court should deny Plaintiff's motion to strike Defendant's affirmative defenses.

DATED this 20th day of December, 2023.

NATALIE K. WIGHT
United States Attorney
District of Oregon

/s/ Alison M. Milne
ALISON M. MILNE
Assistant United States Attorney

Attorneys for the United States

---

[1] Plaintiff argues that "to the extent the United States failed to assert certain affirmative defenses in its initial Answer, it has waived those defenses and cannot raise them through an amended pleading." ECF No. 26 at 10. Plaintiff's argument is without merit. Federal Rule of Civil Procedure 12(h)(1) provides that only the defenses listed in Rule 12(b)(2)-(5) are waived if, inter alia, omitted from "a responsive pleading or . . . an amendment allowed by Rule 15(a)(1) as a matter of course." Defendant amended its answer as a matter of course pursuant to Rule 15(a)(1); hence, it has not waived or forfeited any affirmative defenses pled in the amended answer or any affirmative defense not set forth in Rule 12(b)(2)-(5). *See Harris v. Sec'y, United States Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).

**Page 8**    **Defendant's Response to Plaintiff's Motion Against Defendant's Affirmative Defenses**