**DON CORSON, OSB #851777**
dcorson@corsonjohnsonlaw.com
**THE CORSON & JOHNSON LAW FIRM**
940 Willamette Street, Suite 500
Eugene, Oregon 97401
Telephone: (541) 484-2525
Facsimile: (541) 484-2929
**Of Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JACK MATTHEW HOGAN, | Case No. 3:23-cv-00765-HZ |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES** |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | **Oral Argument requested** |

### INTRODUCTION

The government has filed a third party amended complaint against Harney County and against Ms. Petit and seeks to have fault allocated to them in this case. The statute of limitations for claims against these third parties has passed, and under applicable Oregon law any fault of these third parties cannot be compared with any fault of Plaintiff Jack Hogan or Defendant in the underlying case. The government's response to Plaintiff Hogan's first Rule

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 1**

12(f) motion impermissibly attempts to blur the law applicable to contribution, which is allowed, with the law applicable to comparison of fault in the underlying case, which is not permitted. While Defendant may attempt to seek contribution from third parties, it is not allowed to have fault allocated to them vis-a- vis Plaintiff Jack Hogan. Further, the government has not given Plaintiff Hogan fair notice of other affirmative defenses against him, and under the cases both parties cite, an affirmative defense that does not give fair notice is an insufficient defense that should be stricken.

## MEMORANDUM OF LAW

**Motion 1: Striking Defendant's First Affirmative Defense**

(A) Defendant is not allowed to Allocate Fault to Third Party Defendants Harney County or Ms. Petit.

Allocation of fault is entirely governed by Oregon substantive law, which flatly prohibits comparison of fault with either Harney County or Ms Petit because the claim as to each of them is barred by a statute of limitations. Defendant's primary response is to confuse contribution with comparison of fault. Those are two entirely separate legal issues, governed by different Oregon statutes and case law.

For contribution, a defendant who is held liable to a plaintiff may seek contribution from others to reimburse defendant in part for the damages defendant has paid to the plaintiff. If the plaintiff prevails in the plaintiff's case, the defendant owes the plaintiff all of the damages assessed by the finder of fact. The defendant may be entitled to seek to recover

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 2**

some of those damages from third parties under a legal theory of contribution, but those third parties are liable only to the defendant, not to the plaintiff, and the fault of third parties is not compared to the fault of the plaintiff in a contribution claim. The contribution claim is solely between the defendant and the third party contribution defendants, and does not affect allocation of fault as between the defendant and the plaintiff. The statute of limitations for a contribution claim does not run until the defendant's liability to the plaintiff has been judicially determined.

In contrast, where allocation of fault is allowed by Oregon substantive law, each defendant or third party defendant is in the first instance liable directly to the plaintiff for its proportionate share of fault. Plaintiff Hogan's motion is based on the fact that Oregon law does not allow allocation of fault to the specific third parties where, as here, the claim is indisputably barred by a statute of limitations. The prohibition of comparison of fault in the underlying action does not prevent Defendant from separately seeking to obtain contribution from its third party defendants.

Defendant twice cites *Lasley v. Combined Transp, Inc.*, 351 Or 1, 261 P.3d 1215 (2011), in support of its contention that it is entitled to compare the fault of third parties to any fault of Defendant and of Plaintiff. *Lasley* was a case where a plaintiff timely sued two defendants, and the case was primarily about what evidence the jury should hear in deciding the relative fault of each defendant. There were no third party defendants. *Lasley* provides

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 3**

no support for allocating fault to third parties where the underlying statute of limitations has run as to those third parties.

In its Response, Defendant cites Oregon's contribution statute, O.R.S. 31.810(5), which gives it a right to seek contribution from third parties. The right to seek contribution under that statute does not allow Defendant to allocate fault to those third parties under O.R.S. 31.600(2)(c). Defendant's first affirmative defense expressly references O.R.S. 31.600, the comparison of fault statute. That affirmative defense is not based on O.R.S. 31.810(5), the contribution statute.

Defendant's blurring of these two distinctively different legal issues is made clear by Defendant's argument that Plaintiff's not bringing claims against Harney County and Ms. Petit "does not eliminate the need for this Court to consider their fault or bar Defendant from bringing its own claims against them." (Def. Resp, p.6). Plaintiff Hogan does not dispute that Defendant may seek to bring "its own claims" for contribution against third parties; it is not barred from doing so, as the statute of limitations for contribution claims has not yet even accrued. In those contribution claims, if Defendant is found liable to Plaintiff Hogan, Defendant will ask for consideration of any fault of the third parties relative to Defendant. The fact that contribution is presumably available to Defendant does not permit the fault of third parties to be allocated or compared relative to Plaintiff Hogan in the underlying case. The statute providing for Defendant's contribution claim against the third parties is available

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 4**

to Defendant because that limitations period on contribution has not run. In contrast, the statute providing for comparing fault of third parties in the underlying action is not available to Defendant because a separate and different limitations period has run.

Defendant then cites a case decided under Alaska law. Each state is free to determine its own laws regarding comparison or allocation of fault. This case is determined under Oregon substantive law, not Alaska law.

Contrary to Defendant's argument, there is nothing illogical about Oregon determining that fault cannot be allocated to third parties where the statute of limitations has run as to those parties. As the case law and legislative history describe, Oregon substantive law was even more restrictive before the 1995 statutory amendments addressing to whom fault may be allocated. The current statutory framework has been in effect since 1995, and neither party could find an Oregon case allowing a defendant to do what Defendant seeks to do here, which would be in flat violation of the express prohibition in O.R.S. 31.600(2)(c).

Allocation of fault is a substantive legal matter, and under federalism principles, Oregon's substantive law is to be respected. No provision of the FTCA is to the contrary, and thus there is no basis for Defendant's preemption argument. Defendant cited *Poindexter v. United States*, 647 F.2d 3 (9th Cir 1981), which unsurprisingly held that the FTCA statute of limitations applicable to a plaintiff applied in an FTCA case. *Poindexter* says nothing to suggest that a state's substantive legal framework about allocation of fault is to be

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 5**

preempted. Defendant's reliance on *Bennett v. United States,* 44 F.4th 929 (9th Cir. 2022) is even more puzzling. *Bennett* expressly rejected an argument that the FTCA preempts a state statute of repose. Defendant has cited no case that actually supports its argument, and has cited no provision of the FTCA providing for a different legal framework for allocation of fault to parties. There is no support for a preemption argument here.

Defendant's overall argument, if accepted, would essentially nullify O.R.S. 31.600(2)(c). That statute unequivocally bars comparison of fault with the third parties here: "there shall be *no* comparison of fault with any person . . . Who is not subject to action because the claim is barred by a statute of limitation . . . ." Defendant's view, that a defendant's separate right to seek contribution from a third party means that there is also comparison of fault of those third parties vis-a-vis a plaintiff in the underlying action, would take the "*no* comparison of fault" out of that statute, effectively re-writing to say the opposite of what it provides, and the opposite of what the Oregon Legislature intended.

In 1995, the Oregon Legislature sought to amend the precursors to O.R.S. 31.600, 31.605, and 31.610 (former O.R.S. 18.470, 18.480, and 18.485). There were lengthy discussions with both defense and plaintiff attorneys and organizations. In particular, Mr. Tom Tongue, from the Oregon Association of Defense Counsel (OADC), and Mr. Robert J. Neuberger, from the Oregon Trial Lawyers Association (OTLA), both testified about Senate Bill 601 and worked to create a compromise for the Legislature. See Tape Recording,

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 6**

House Committee on Judiciary, SB 601, June 2, 1995, Tape 44, Side A (statement of Chair Park) at 120; Tape Recording, Senate Judiciary Committee, May 17, 1995, Tape 170, Side A at 100 and 145 (explaining the bill is a compromise). Ultimately, the various versions and the final bill were a compromise negotiated between plaintiff and defense organizations that did not permit allocation of fault to persons for whom the statute of limitations had run as to the plaintiff, but which preserved the defendant's separate legal right to seek contribution from such persons *See id.*

The OADC representative, Mr. Tongue, was clear that a party who no longer had liability to the plaintiff would not be considered for determining percentage of fault; in his words, they would "not be in the pie."

During the testimony about the amendment to O.R.S. 18.470(2) (the precursor to O.R.S. 31.600(2) at issue here), Mr. Neuberger explained that the crafted language was meant to avoid certain persons from being sued either by plaintiff or defendant for consideration of any percentage of liability, citing several examples where there was no legal liability, including where the statute of limitations had run as to the plaintiff. Defense attorney Mr. Tongue agreed with that testimony, noting that the defendant would be left only with the right of contribution. The testimony is clear on this point:

> [Mr. Neuberger]:   The limitations, and Representative Naito commented on this, are to make sure that we don't compare fault of phantoms, or people who don't exist, or people who don't have legal liability and people who there's no cause of action against them.   And, also where a statute of limitations is

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 7**

irretrievably run as to everybody, they can't be considered, because there is no legal liability. And, I would disagree possibly with something Mr. Tongue said, because I don't believe there is any legal liability, under Oregon case law, where the statute of ultimate repose has run as to anybody. And, so, their fault - such a defendant - such a person could not be sued either by the plaintiff or the defendant under this bill. And so, …

[Mr. Tongue]: I would agree with Mr. Neuberger on that, but there would still be a right of contribution by a defendant against that person, but they would not be in the pie.

Tape Recording, House Judiciary Committee, SB 601, June 2, 1995, Tape 45, Side A (at 5:45 to 6:44 on digital recording).

When passing the statutes, the Legislature would have understood what its statutes say: that the legislation prevented comparing the defendant's and plaintiff's fault with the fault of any third party who no longer had liability because the statute of limitations had run as to them. The legislative history is consistent with the text of the statute: here, Defendant's addition of the third parties for the purpose of allocating fault vis-a-vis Plaintiff is prohibited because the underlying statute of limitations has run as to those third parties. Instead, the Legislature allowed an action of contribution by a defendant against another party who was liable to that defendant, which Defendant also separately seeks to do here. Oregon substantive law reflects a legislative choice that a plaintiff is entitled to recover his or her full damages from a liable defendant, and it is the responsibility of a liable defendant to seek contribution from third parties for whom the statute of limitations has run.

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 8**

Defendant's first affirmative defense, in seeking to allocate fault to third-parties to whom fault cannot be allocated, is an insufficient defense that cannot be cured by repleading, and accordingly that part of the defense should be stricken without leave to replead.

(B) Defendant's unsupported pleading of "fault of Plaintiff" is legally insufficient.

Defendant recognizes, as it must, that the case law provides that a defense that fails to provide fair notice to a plaintiff should be stricken because it is an insufficient defense. After such an insufficient defense is stricken, a defendant should be allowed to replead a defense that does give the required fair notice.

Defendant's argument for why it has failed to plead a sufficient defense giving fair notice to Plaintiff Jack Hogan is not based on the law, but on the observation that "discovery has not yet been conducted, and it is premature for the Court to strike affirmative defenses." Defendant provided no legal authority for that novel argument. One case it cited that may relate to this point is a case Plaintiff Hogan cited in his motion, *Fathers & Daughters Nev. LLC v. Moaliitele*, No. 3:16-cv-926-SI, 2016 WL 7638187 (D. Or. Dec. 19, 2016). That case is an Oregon example of how a bare conclusory defense does not give fair notice and therefore should be stricken. Defendant's position is not consistent with the Federal Rules of Civil Procedure. Pleading to give fair notice is not, as Defendant suggests, a "heightened" pleading standard, but is simply the applicable standard.

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 9**

The case cited by Defendant in its Response directly on this point does not support Defendant. In that case, *Poe v. Cook*, No. 2:17-cv-00062-SU, 2019 U.S. Dist. LEXIS 137033 (D. Or. Aug. 14, 2019), the defendant listed in detail in four subparagraphs the ways in which that plaintiff was alleged to be negligent. *Poe* ironically illustrates how allegations of comparative fault should be stated, which Defendant here has failed or declined to do.

As a practical matter, the purpose of the FTCA notice that was given to the federal government in 2022, well over a year ago, was in part to allow the federal government to investigate facts relating to this case. The government was apparently able to do so, as is reflected in its multiple pleadings with detailed factual allegations against Harney County and against Ms. Petit. Those allegations were presumably to give the third party defendants fair notice of the government's claims against them. The government has improperly declined to give fair notice of its affirmative defense of Plaintiff Jack Hogan somehow being at fault. It should be required to do so.

**Motion 2: Striking Defendant's Third Affirmative Defense**

Defendant's third affirmative defense is not a defense at all, but an attempt to "reserve" potential future defenses, which is not allowed by the Federal Rules of Civil Procedure or by the applicable case law. *Poe v. Cook*, cited by Defendant, is not to the contrary; *Poe* does not say that potential future defenses may be reserved. For all of the

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 10**

reasons given in Plaintiff's original motion, and as further outlined above, this motion should be granted.

Addressing Defendant's Response footnote, Plaintiff Hogan was prepared to file his Rule 12 motions against the original Answer at the end of the time period allowed for such motions. That same day, Defendant filed its Amended Answer, raising a new recreational (lands) immunity defense against a person who was on a his way home to go to work while riding as a passenger on a road made available for general public use. While Plaintiff Hogan will later show that additional defense is without legal merit, those immunity allegations themselves are not subject to a Rule 12(f) motion. Plaintiff Hogan modified that day his already-drafted motion to change references from "Answer" to "Amended Answer," and simply missed adding the word "Amended" in one location. The relevant legal principle is still valid and still applies: the government cannot now "reserve" potential additional defenses for some future date, and certain defenses are now waived as a matter of law.

## CONCLUSION

Defendant's first affirmative defense should be stricken, without leave to replead allocation of fault to the time-barred third parties, but with leave to replead the nature and grounds of any alleged fault of Plaintiff Jack Hogan so that he is given fair notice. Doing so in no way affects Defendant's separate efforts to bring independent third party claims for contribution. Defendant's third affirmative defense should be stricken, with leave to replead

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 11**

to allege the nature and grounds of any additional affirmative defense Defendant wishes to

assert at this time that is not prohibited by law.

DATED this 2nd day of January, 2024.

/s/ Don Corson

Don Corson, OSB# 851777
Email: dcorson@corsonjohnsonlaw.com
Of Attorneys for Plaintiff

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12(F) MOTIONS AGAINST DEFENDANT'S AFFIRMATIVE DEFENSES - Page 12**