IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK MATTHEW HOGAN,             No. 3:23-cv-00765-HZ

        Plaintiff,                    OPINION & ORDER

    v.

UNITED STATES OF AMERICA,

        Defendant.

Don Corson
The Corson & Johnson Law Firm
940 Willamette St, Ste 500
Eugene, OR 97401

    Attorney for Plaintiff

Alison M. Milne
U.S. Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Jack Hogan sued the United States under the Federal Tort Claims Act ("FTCA") after he was injured on federal land. In its Amended Answer, the United States alleged three affirmative defenses, including the comparative fault of Plaintiff and two third parties and the right to assert other defenses. ECF 25. Plaintiff moves to strike two of Defendant's defenses. Pl. Mot. to Strike, ECF 26. For the following reasons, the Court grants the motion in part and denies it in part.

## BACKGROUND

Plaintiff alleges that on October 4, 2020, he was riding in a motor vehicle traveling on a road in Harney County, Oregon. Compl. ¶¶ 24, 26, ECF 1. Plaintiff was a restrained passenger in the front seat of the vehicle. *Id.* ¶ 27. He was severely and permanently injured when the driver of the car suddenly saw a cattle guard wing in the road and swerved to avoid it, losing control of the vehicle, which rolled over. *Id.* ¶¶ 27-28. The relevant stretch of road is on land owned by the United States and managed by the Bureau of Land Management ("BLM"). *Id.* ¶¶ 15, 18, 26. The BLM previously granted Harney County a non-exclusive right of way over the land. *Id.* ¶ 24.

Plaintiff sued Defendant for negligence under the FTCA on May 25, 2023. It is undisputed that the claim was timely filed. Compl. ¶¶ 5-6; Am. Answer ¶¶ 5-6. Defendant moved to dismiss the case for lack of subject matter jurisdiction, arguing that the discretionary function exception to the FTCA barred Plaintiff's claims. Def. Mot. to Dismiss, ECF 7. The Court denied the motion on November 1, 2023. Op. & Ord., ECF 16. Defendant then answered the Complaint. ECF 17. Defendant asserted two affirmative defenses: the comparative fault of Plaintiff and unspecified third parties, and a reservation of the right to assert other affirmative defenses that might later be found to apply. *Id.* at 17-18.

2 – OPINION & ORDER

On November 29, 2023, Defendant filed a third-party complaint against Harney County and Aida Goma Petit, the driver of the vehicle. ECF 21. Defendant amended its answer to specify that Harney County and Ms. Goma Petit are the third parties it alleges to be at fault. Am. Answer 17-18. Defendant asserted the additional affirmative defense of immunity under Oregon's recreational immunity statute. *Id.* at 18-19. Plaintiff now moves to strike Defendant's first affirmative defense (comparative fault) and third affirmative defense (reservation of additional defenses).

## STANDARDS

The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Granting a motion to strike is within the discretion of the district court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) (motion to strike under Rule 12(f) reviewed for abuse of discretion). Rule 12(f) motions to strike are viewed with disfavor and are infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008), aff'd, 608 F.3d 1084 (9th Cir. 2010); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings.") (quotation marks and alterations omitted).

The parties agree that the pleading standard applicable to affirmative defenses is one of fair notice. Pl. Mot. 6; Def. Resp. 3, ECF 29. Although the Supreme Court has imposed a higher pleading standard for claims, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it has not applied that standard to affirmative defenses. Without expressly discussing the issue, the Ninth Circuit has continued to apply the fair notice standard to

3 – OPINION & ORDER

affirmative defenses. *See Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Accordingly, this Court has continued to hold that the fair notice standard applies to pleading affirmative defenses. *Adidas Am., Inc. v. Aviator Nation, Inc.*, No. 3:19-CV-02049-HZ, 2021 WL 91623, at *2 (D. Or. Jan. 10, 2021).

The fair notice standard when applied to affirmative defenses "only requires describing the defense in 'general terms.'" *Kohler*, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)). "Fair notice does not require a detailed statement of facts." *McDonald v. Alayan Alayan*, No. 3:15-CV-02426-MO, 2016 WL 2841206, at *3 (D. Or. May 13, 2016) (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013)). But it does require that the defendant state the nature and grounds for the affirmative defense. *Id.*

## DISCUSSION

The Court concludes that Defendant's first affirmative defense, comparative fault, is insufficient as to Harney County and Ms. Goma Petit ("Third Party Defendants"). It is sufficient as to Plaintiff. Defendant's third affirmative defense is not a true affirmative defense, and the Court strikes it without restricting Defendant's right to seek to assert other affirmative defenses should the facts support them.

**I.    First Affirmative Defense**

    A.    Fault of Third Parties

Plaintiff moves to strike Defendant's first affirmative defense to the extent it seeks to allocate fault to Third Party Defendants, arguing that the statute of limitations bars comparison of their fault with Defendant's. Pl. Mot. 2-6. Defendant counters that its defense is permissible. Def. Resp. 5-7.

Oregon is a comparative fault jurisdiction. O.R.S. 31.600. The comparative fault statute provides:

> The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled. The failure of a claimant to make a direct claim against a third party defendant does not affect the requirement that the fault of the third party defendant be considered by the trier of fact under this subsection. Except for persons who have settled with the claimant, there shall be no comparison of fault with any person:
> (a) Who is immune from liability to the claimant;
> (b) Who is not subject to the jurisdiction of the court; or
> (c) Who is not subject to action because the claim is barred by a statute of limitation or statute of ultimate repose.

O.R.S. 31.600(2). In general, liability in Oregon is several only. O.R.S. 31.610.

Separately, Oregon has preserved a tortfeasor's right to seek contribution against other tortfeasors when it has paid more than its share of damages to the plaintiff. O.R.S. 31.800. A claim for contribution from a tortfeasor is distinct from the affirmative defense of the comparative fault of that tortfeasor. *Lasley v. Combined Transp., Inc.*, 351 Or. 1, 14, 261 P.3d 1215 (2011). "If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by the tortfeasor to enforce contribution must be commenced within two years after the judgment has become final by lapse of time for appeal or after appellate review." O.R.S. 31.810(3).

> The running of the statute of limitations applicable to a claimant's right of recovery against a tortfeasor shall not operate to bar recovery of contribution against the tortfeasor or the claimant's right of recovery against a tortfeasor specified in ORS 31.600(2) who has been made a party by another tortfeasor.

O.R.S. 31.810(5).

Pointing to the plain language of O.R.S. 31.600(2)(c), Plaintiff argues that fault cannot be allocated to Third Party Defendants. Pl. Mot. 2-3. Plaintiff notes that the statute of limitations for

5 – OPINION & ORDER

personal injury claims in Oregon is two years. *Id.* at 4 (citing O.R.S. 12.110(1)). Because he was injured on October 4, 2020, the statute of limitations for negligence claims against Third Party Defendants has expired. *See id.* Plaintiff attaches a declaration from counsel stating that Plaintiff did not settle with either Third Party Defendant. Pl. Mot. Ex. 1. Thus, under O.R.S. 31.600(2)(c), Third Party Defendants are not subject to action because the statute of limitations bars claims against them. Pl. Mot. 4-5.

Defendant argues that although Plaintiff cannot bring claims against Third Party Defendants, Defendant is not barred from doing so. Def. Resp. 5. Defendant relies on an FTCA case decided under Alaska law. *Id.* (citing *Janitscheck v. United States*, 45 F. App'x 809, 812 (9th Cir. 2002)). Plaintiff correctly points out that Alaska substantive law does not provide a guide here. Pl. Reply 5, ECF 30. Plaintiff also correctly states that Defendant's argument fails to distinguish between allocation of fault in the underlying case and a separate claim for contribution. *Id.* at 2-3. Allocation of fault compares the fault of the plaintiff, defendant(s), and any third party defendants to determine whether the plaintiff can recover and how much the plaintiff can recover from each defendant. O.R.S. 31.600. In a contribution action, one tortfeasor sues another to recover money paid to the plaintiff. *See* O.R.S. 31.810. Oregon provides for contribution as a separate action or, if judgment has been entered in an action against two or more tortfeasors, as a separate motion in the underlying case. O.R.S. 31.810(1)-(2).

In *Lasley*, the Oregon Supreme Court held:

> [I]n a comparative negligence case, a defendant that seeks to rely on a specification of negligence not alleged by the plaintiff to establish a codefendant's proportional share of fault must affirmatively plead that specification of negligence and do so in its answer as an affirmative defense and not in a cross-claim for contribution.

351 Or. at 14. Defendant relies on *Lasley* to argue that its defense is proper. Def. Resp. 5-6. As Plaintiff points out, *Lasley* did not present a statute of limitations problem. Pl. Reply 3. The

plaintiff timely sued both defendants. 351 Or. at 4. Because the statute of limitations has run here, *Lasley* does not provide a guide. Defendant cannot seek to allocate fault to Third Party Defendants. But that does not extinguish Defendant's rights as to Third Party Defendants, because the statute of limitations to file a separate action for contribution does not begin to run until two years after the judgment against the tortfeasor seeking contribution has become final. O.R.S. 31.810(3). Nor is the running of the statute of limitations on Plaintiff's claims against Third Party Defendants a bar to a contribution action. O.R.S. 31.810(5).

Defendant argues that the FTCA's statute of limitations should apply here. Def. Resp. 6-7. The FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The Ninth Circuit has held that the FTCA's statute of limitations, not state statutes of limitations, governs tort claims under the FTCA. *Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir. 1981). Defendant argues that "the Court should hold that the FTCA preempts O.R.S. 31.600 to the extent it operates as a statute of limitations on the right to seek allocation of fault." Def. Resp. 7.

The problem with Defendant's argument is that the FTCA would not govern any claims against Third Party Defendants, who are, respectively, a county in Oregon and an individual who is not alleged to have been an employee of the United States at the time of the accident. Had Plaintiff sued Third Party Defendants, the suit would have been a standard tort claim under Oregon law, subject to the two-year statute of limitations for personal injury claims. O.R.S. 12.110(1). There is no basis for the Court to apply the FTCA's statute of limitations to claims

7 – OPINION & ORDER

against Third Party Defendants. The Court recognizes that the statute of limitations for Plaintiff to bring claims against Third Party Defendants ran before Plaintiff even sued Defendant. Def. Resp. 6. But that is not a basis to apply the FTCA's statute of limitations to Third Party Defendants.

Another court in this district addressed circumstances similar to the ones in this case. *Linhart v. Heyl Logistics, LLC*, No. CIV. 10-3100-PA, 2012 WL 325844 (D. Or. Feb. 1, 2012). In *Linhart*, the plaintiff sued several defendants for personal injury under Oregon law days before the statute of limitations ran. *Id.* at *1. Over a year later, the plaintiff voluntarily dismissed one of the defendants, Rangeloff. *Id.* When another defendant sought to have its fault compared with Rangeloff's, the plaintiff argued that third party claims against Rangeloff would be barred by the statute of limitations and thus that his fault could not be compared with the fault of other defendants. *Id.* The district court concluded that Rangeloff's fault could not be compared with the fault of other defendants, holding that O.R.S. 31.810(5) allowed other defendants to seek contribution from Rangeloff, not seek comparison of his fault with theirs. *Id.* at *3. The same is true here.

In sum, Third Party Defendants are not subject to action because the statute of limitations on negligence claims against them has run, so their fault cannot be compared with the fault of Defendant. Defendant's first affirmative defense is insufficient to the extent it seeks to compare Defendant's fault with the fault of Third Party Defendants. This defect cannot be cured by amendment, so the Court strikes that portion of Defendant's first affirmative defense with prejudice. As discussed above, this ruling does not affect any right Defendant might have to seek contribution from Third Party Defendants.

B.  Fault of Plaintiff

Plaintiff also moves to strike Defendant's first affirmative defense to the extent that it alleges that Plaintiff was at fault, arguing that Defendant fails to provide fair notice of how Plaintiff was at fault. Pl. Mot. 6-8. Defendant responds that notice of the defense is adequate and notes that discovery has not been conducted. Def. Resp. 7-8. Defendant also points out that O.R.S. 31.600(2) mandates comparison of the plaintiff's fault with the defendant's fault. *Id.*

The Court declines to strike this part of Defendant's first affirmative defense. Defendant has not alleged how Plaintiff was at fault, but that is not necessary to give Plaintiff fair notice of the defense. As Defendant states, Oregon is a comparative fault jurisdiction, and considering the fault of the plaintiff is routine in negligence cases. With this routine, established defense, more factual allegations are not necessary. *See Vora v. Equifax Info. Servs., LLC*, No. SACV1900302AGKESX, 2019 WL 3220023, at *2 (C.D. Cal. May 29, 2019) ("Failure to mitigate, laches, the statute of limitations, and unclean hands are each well-established defenses that provide Plaintiff with fair notice of their nature.") (internal quotations omitted). Plaintiff points out that under the FTCA, he was required to give notice to Defendant before filing his claim, and states that the purpose of the notice "was in part to allow the federal government to investigate facts relating to this case." Pl. Reply 10. This may be true, but in a typical case, the defendant has only a few weeks to respond to the complaint. The Court declines to impose a heightened pleading burden for this affirmative defense in FTCA cases.

Plaintiff relies on *Fathers & Daughters Nevada, LLC v. Moaliitele*, in which another court in this district struck the defendant's affirmative defense of fair use in a copyright infringement case. No. 3:16-CV-926-SI, 2016 WL 7638187, at *4 (D. Or. Dec. 19, 2016). The district court found that the defendant's general assertion of innocent use of the work was

9 – OPINION & ORDER

sufficient, but that more was needed to give notice of the basis of the fair use defense. *Id.* at *4-*5. The comparative fault of the plaintiff is the type of affirmative defense that may be pleaded generally, at least under the facts of this case. Plaintiff has adequate notice of the defense, and his fault or lack thereof may be explored through discovery.

**II.     Third Affirmative Defense**

Defendant's third affirmative defense is, as Plaintiff notes, not an affirmative defense at all but a reservation of the right to assert other unspecified affirmative defenses that may be supported by discovery. Pl. Mot. 9; Am. Answer 19. Courts in this district have recognized that such a statement is not a proper affirmative defense. *E.g.*, *Redwind v. W. Union, LLC*, No. 3:18-CV-02094-SB, 2019 WL 7039966, at *3 (D. Or. Nov. 19, 2019), *findings and recommendation adopted*, No. 3:18-CV-02094-SB, 2019 WL 6971038 (D. Or. Dec. 17, 2019). The Court will strike this defense. The Court also observes that it is common for defendants to include such a reservation of rights in their answers, and while it technically is not a proper affirmative defense, the Court sees no prejudice to Plaintiff from Defendant's purported reservation of rights. Whether or not it includes a reservation of rights in its answer, Defendant may seek to amend its answer under Rule 15(a)(2) if discovery reveals that other affirmative defenses may be available.

Plaintiff also argues that Defendant has waived certain affirmative defenses that it failed to assert in its initial Answer. Pl. Mot. 10 (citing Fed. R. Civ. P. 12(h)(1), (2)). Defendant responds that Plaintiff's argument is erroneous. Def. Resp. 8 n.1. Rule 12(h)(1) provides that the defenses of lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process are waived if they are not made in an initial motion to dismiss or responsive pleading. Other affirmative defenses may be raised later. To the extent that Defendant seeks to raise affirmative defenses other than the four defenses specified in Rule 12(h)(1), the defenses

are not barred for failure to assert in the original Answer. In sum, the Court strikes Defendant's third affirmative defense, but does not thereby impose any limitations on Defendant's right to assert other affirmative defenses in the future.

## CONCLUSION

Plaintiff's Motion to Strike Affirmative Defenses [26] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED:_____January 22, 2024_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER