IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK MATTHEW HOGAN,

                Plaintiff,

      v.

UNITED STATES OF AMERICA,

                Defendant/Third-
                Party Plaintiff

      v.

HARNEY COUNTY, OREGON, and
AIDA M. GOMA PETIT,

                Third-Party Defendants

No. 3:23-cv-00765-HZ

OPINION & ORDER

Don Corson
The Corson & Johnson Law Firm
940 Willamette St, Ste 500
Eugene, OR 97401

Austin Thomas Osborn
Christopher Stucky
McCartney Stucky LLC

8711 Penrose Lane, Ste 310
Lenexa, KS 66219

       Attorneys for Plaintiff

Alison M. Milne
Benjamin T. Hickman
U.S. Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

       Attorneys for Defendant

Bruno J. Jagelski
Yturri Rose LLP
89 SW Third Ave
Ontario, OR 97914

       Attorney for Third-Party Defendant Harney County

HERNÁNDEZ, District Judge:

Plaintiff Jack Hogan sued the United States under the Federal Tort Claims Act ("FTCA")
after he was injured on federal land. Defendant impleaded Third-Party Defendants Harney
County and Aida M. Goma Petit pursuant to Federal Rule of Civil Procedure 14. ECF 21, 28.
Third-Party Defendant Harney County moves to dismiss the First Amended Third Party
Complaint ("FATPC"). ECF 43. For the following reasons, the Court denies the motion.

## BACKGROUND

Plaintiff was severely injured on or about October 4, 2020, when the motor vehicle he
was riding in rolled over after the driver swerved to avoid a cattle guard wing in the road. Compl.
¶¶ 26-28. The relevant stretch of road is on land owned by the United States and managed by the
Bureau of Land Management ("BLM"). *Id.* ¶¶ 15, 18. It is within the boundaries of Harney
County, Oregon. *Id.* ¶ 24.

Plaintiff alleges that the BLM previously granted Harney County a non-exclusive right of way over the land. *Id.* He alleges that the right of way "did not require Harney County to inspect, maintain, modify, or repair the described cattle guard." *Id.* Plaintiff gave Defendant notice of his tort claim. *Id.* ¶ 5. Defendant denied the claim. *Id.* ¶ 6. Plaintiff sued Defendant on May 25, 2023, alleging that Defendant was negligent in the positioning, inspection, and maintenance of the cattle guard, and in failing to adequately mark or warn of the cattle guard. *Id.* ¶ 29.

On August 21, 2023, Defendant moved to dismiss the Complaint for lack of jurisdiction. ECF 7. The Court denied the motion on November 1, 2023. ECF 16. Defendant then answered the Complaint, asserting as affirmative defenses the comparative fault of Plaintiff and unspecified third parties. ECF 17. Defendant filed a third-party complaint against Harney County and Ms. Goma Petit, the driver of the vehicle. ECF 21. Defendant filed the FATPC on December 12, 2023. ECF 28. Defendant brought a claim for contribution against the County, alleging that the accident in which Plaintiff was injured was caused by the County's "negligence in installing and maintaining the cattle guard and associated road signs; maintaining County Road 201; and failing to warn of any roadway hazards." FATPC ¶ 11. Defendant also brought a claim for indemnification against the County, alleging that the right-of-way agreement imposed liability on the County. *Id.* ¶¶ 15-16. Finally, Defendant brought a claim for contribution against Ms. Goma Petit based on her operation of the vehicle. *Id.* ¶¶ 17-22.

Defendant also amended its answer to specify that Harney County and Ms. Goma Petit are the third parties it alleges to be at fault. ECF 25. Plaintiff moved to strike the affirmative defense of comparative fault as to Plaintiff and Third-Party Defendants. ECF 26. The Court denied the motion as to Plaintiff and granted it as to Third-Party Defendants. ECF 38. The Court held that Defendant could not assert the affirmative defense of comparative fault against Third-

Party Defendants because the statute of limitations had run on Plaintiff's claims against them, but also held that Defendant retained the right to sue them for contribution. *Id.* at 6-8. Third-Party Defendant Harney County now moves to dismiss the FATPC. Third-Party Defendant Ms. Goma Petit has not responded to the FATPC or appeared.

**STANDARDS**

### I.    Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his or her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-

pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## II.     Rule 12(b)(1)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over their claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A challenge to ripeness is properly raised under Rule 12(b)(1). *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss."). Article III of the Constitution limits jurisdiction to "cases" and "controversies." U.S. Const. Art. III, § 2, cl. 1. For a suit to be ripe within the meaning of Article III's "case or controversy" requirement, it must present "'concrete legal issues, presented in actual cases, not abstractions.'" *United Pub. Workers v. Mitchell*, 330 U.S. 75, 89 (1947) (quoting *Elec. Bond & Share Co. v. Sec. & Exch. Comm'n*, 303 U.S. 419, 443 (1938)).

**DISCUSSION**

The Court concludes that Defendant may seek contribution and indemnification from Third-Party Defendant. The Court further concludes that the FATPC is not premature even though there is no judgment against Defendant or discharge of common liability.

## I.     Contribution Claim

### A.     Standard

Oregon has preserved a tortfeasor's right to seek contribution against other tortfeasors when it has paid more than its share of damages to the plaintiff. O.R.S. 31.800. In general,

where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant.

O.R.S. 31.800(1). A claim for contribution from a tortfeasor is distinct from the affirmative defense of the comparative fault of that tortfeasor. *Lasley v. Combined Transp., Inc.*, 351 Or. 1, 14, 261 P.3d 1215 (2011).

"If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by the tortfeasor to enforce contribution must be commenced within two years after the judgment has become final by lapse of time for appeal or after appellate review." O.R.S. 31.810(3).

If there is no judgment against the tortfeasor seeking contribution, "the right of contribution of that tortfeasor is barred unless the tortfeasor has either:"

(a) Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against the tortfeasor and has commenced action for contribution within two years after payment; or

(b) Agreed while action is pending against the tortfeasor to discharge the common liability and has within two years after the agreement paid the liability and commenced action for contribution.

O.R.S. 31.810(4).

The running of the statute of limitations applicable to a claimant's right of recovery against a tortfeasor shall not operate to bar recovery of contribution against the tortfeasor or the claimant's right of recovery against a tortfeasor specified in ORS 31.600(2) who has been made a party by another tortfeasor.

O.R.S. 31.810(5).

B.    Application

Third-Party Defendant argues that it is not liable to Defendant for contribution because it is not liable to Plaintiff for negligence. Third Party Def. Mot. 4-5. Third-Party Defendant asserts

that Defendant has failed to adequately allege that Plaintiff served a notice of his tort claim on Third Party Defendant as required under O.R.S. 30.275. *Id.* at 5. The Oregon Supreme Court has held that a tortfeasor cannot seek contribution from the State for negligence if the plaintiff did not serve a notice of tort claim on the State. *Beaver v. Pelett*, 299 Or. 664, 671-72, 705 P.2d 1149 (1985). *Beaver* concluded that notice of the claim from the plaintiff is a prerequisite for the State to become liable to the plaintiff. *Id.* Because contribution can only be sought against a party that is liable to the plaintiff in tort, contribution cannot be sought against the State (or another public body) if the plaintiff did not serve notice of the tort claim. *Id.* at 669, 671-72. *See also Mitchell v. Sherwood*, 161 Or. App. 376, 985 P.2d 870 (1999) (applying *Beaver*). Defendant alleges that "[u]pon information and belief" Plaintiff timely gave notice of his claim to Third-Party Defendant. FATPC ¶ 14. Defendant states that the basis of its information and belief is a letter from Plaintiff's counsel to Harney County indicating that Plaintiff did provide notice of his claim to the County. Def. Resp. Ex. A, ECF 49. Defendant has adequately alleged that Plaintiff served a tort claim notice on Third-Party Defendant. *Beaver* and *Mitchell* do not apply here.

Next, Third-Party Defendant argues that the contribution claim fails because the statute of limitations has run on Plaintiff's claims against Third-Party Defendant, and therefore Third-Party Defendant is not liable in tort to Plaintiff. Third Party Def. Mot. 6-9. It is undisputed that Plaintiff did not sue Third-Party Defendant. In ruling on Plaintiff's motion to strike Defendant's affirmative defense of comparative fault as to Third-Party Defendants, the Court concluded that Third-Party Defendants were not subject to action because the statute of limitations barred claims against them. ECF 38 at 6. The Court further concluded that Defendant could bring a separate action for contribution against Third-Party Defendants and that the running of the

statute of limitations on Plaintiff's claims against Third-Party Defendants would not bar such an action. *Id.* at 7 (citing O.R.S. 31.810(5)).

Third-Party Defendant argues that O.R.S. 31.810(5) only allows recovery of contribution in limited situations where the statute of limitations has been tolled. Third Party Def. Mot. 9 (citing *Linhart v. Heyl Logistics, LLC*, No. CIV. 10-3100-PA, 2012 WL 325844 (D. Or. Feb. 1, 2012)). The district court in *Linhart* stated that the provision "allows recovery of contribution in certain situations where the statute of limitations has tolled" and that "[t]he statute simply allows an action for contribution even though the statute of limitations has run." 2012 WL 325844, at *3. Thus, *Linhart* concluded that O.R.S. 31.810(5) did not allow comparison of a defendant's fault on otherwise time-barred claims. *Id.* The Court has already held that Defendant cannot pursue its comparative fault defense as to Third-Party Defendants. Third-Party Defendant also cites *Arch Chemicals, Inc. v. Radiator Specialty Co.*, 727 F. Supp. 2d 997, 1004 (D. Or. 2010). Third Party Def. Mot. 10. In *Arch Chemicals*, the statute of limitations on a contribution claim had run, and the party seeking contribution, which had been joined as a necessary party under Rule 19, sought to use Rule 15's relation back provisions to revive the claim. 727 F. Supp. 2d at 1003-04. The case is not relevant because the statute of limitations on Defendant's contribution claims has not run. The plain language of O.R.S. 31.810(5) permits Defendant to pursue its contribution claim against Third-Party Defendants even though the statute of limitations on Plaintiff's claims against Third-Party Defendants has run.

In arguing that the claim for contribution fails, Third-Party Defendant relies on cases that do not apply because they involved a bar to liability other than the running of the statute of limitations. For instance, *Fujitsu Microelectronics, Inc. v. Lam Rsch. Corp.*, 174 Or. App. 513, 518, 27 P.3d 493 (2001), involved a waiver of rights of recovery that provided a complete

defense. The running of the statute of limitations on Plaintiff's claims against Third-Party

Defendant is not a complete defense to Defendant's contribution claim against Third-Party

Defendant. O.R.S. 31.810(5) provides an exception to allow contribution claims even if the

statute of limitations on the plaintiff's claim has run. The Court therefore rejects Third-Party

Defendant's argument that there is no right to contribution because Third-Party Defendant is not

liable to Plaintiff in tort. *See* Third Party Def. Reply 2, ECF 50.

The Court also rejects Third-Party Defendant's argument that Defendant has failed to

allege sufficient facts to state a claim. *See* Third Party Def. Mot. 10-12. Defendant alleges that

Third-Party Defendant was negligent "in installing and maintaining the cattle guard and

associated road signs; maintaining County Road 201; and failing to warn of any roadway

hazards." FATPC ¶ 11. Third-Party Defendant argues that Defendant's allegations are

insufficient because the FATPC incorporates the allegations of Plaintiff's Complaint, which

alleges that Third-Party Defendant did not have a duty to inspect, maintain, or repair the cattle

guard. Third Party Def. Mot. 12. The Court disagrees. In the FATPC, Defendant alleges that

Third-Party Defendant is at fault for the conduct for which Plaintiff alleges that Defendant is at

fault. That conduct is sufficiently described, as is the basis for liability.

## II.     Indemnification Claim

Third-Party Defendant moves to dismiss the indemnification claim as well, arguing that

there was no reasonable expectation of indemnity. Third Party Def. Mot. 13-14. It acknowledges

that it entered into a right-of-way agreement with Defendant in April 2001. *Id.* at 13. The

agreement granted a right of way to Harney County "to construct, operate, maintain, and

terminate public roads and highways on public lands" pursuant to Title V of the Federal Land

Policy and Management Act of 1976, 43 U.S.C. § 1761. Rose Decl. ¶ 14, Ex. B at 1, ECF 8. The

right of way required the County to comply with the applicable regulations in 43 C.F.R. parts 2800 and 2880. *Id.* at 2.

The regulations—both the present ones and those in force when the right of way was granted—provide that local governments that are granted a right of way from the BLM are liable to the United States to the extent of the law applicable at the time the grant was issued. 43 C.F.R. § 2807.13(a); 43 C.F.R. § 2803.1-5(e)-(f) (Oct. 1, 2000), *available at* https://www.govinfo.gov/content/pkg/CFR-2000-title43-vol2/html/CFR-2000-title43-vol2.htm. The regulation in force when the right of way was granted reads:

> If a holder is a State or local government, or agency or instrumentality thereof, it shall be liable to the fullest extent its laws allow at the time it is granted a right-of-way grant or temporary use permit. To the extent such a holder does not have the power to assume liability, it shall be required to repair damages or make restitution to the fullest extent of its powers at the time of any damage or injury.

43 C.F.R. § 2803.1-5(f) (Oct. 1, 2000).

Third-Party Defendant acknowledges the foregoing and states that "even if the Defendant can overcome all of the other obstacles outlined in this Motion, Harney County's contribution would be capped at the maximum amount a single personal injury claimant could recover from a local public body in 2001." Third Party Def. Mot. 14. The County asserts that it would be prejudiced if it were "forced to defend Plaintiff's entire case alongside Defendant based on its very limited exposure." *Id.* Limited exposure is not a basis to grant the County's Motion. The Court also interprets the second sentence of 43 C.F.R. § 2803.1-5(f) to reserve a right to seek repair or restitution if other remedies are not available. The current analogous regulation contains similar language. Thus, at minimum, the regulation incorporated as a term of the right-of-way grant reserved the United States' right to seek repair or restitution.

Third-Party Defendant also points out that the Oregon Supreme Court eliminated common law indemnity given Oregon's adoption of a comparative negligence system. Third Party Def. Mot. 13 (citing *Eclectic Inv., LLC v. Patterson*, 357 Or. 25, 35-38, 346 P.3d 468 (2015)). *Eclectic Investment* postdates the grant of the right of way, but relies on Oregon's adoption of comparative negligence, which predates the grant of the right of way. The regulation incorporated into the right-of-way grant provides that a local government grantee shall be liable "to the fullest extent its laws allow at the time it is granted a right-of-way grant." 43 C.F.R. § 2803.1-5(f) (Oct. 1, 2000). The parties have not addressed whether this language preserves any indemnification claim. Nor have they addressed whether the reasoning of *Eclectic Investment* applies to a claim for indemnification based on a contractual agreement between the parties where the conduct giving rise to liability constitutes negligence.

The Court declines to decide on the present record whether a claim for common law indemnity under Oregon law was viable when the right of way was granted. Even if it were not, the regulations would still preserve Defendant's right to seek repair or restitution. The Court will not dismiss Defendant's claim for indemnification at this time, with the understanding that the claim must be based on the regulations applicable to Third-Party Defendant as a local government entity. The parties can revisit these issues in future motions practice on a more developed record.

## III. Ripeness of Claims

Third-Party Defendant asserts that the Court lacks subject matter jurisdiction over Defendant's claims against it because "Defendant does not have any ripe legal claims against Harney County[.]" Third Party Def. Mot. 15. Third-Party Defendant therefore moves to dismiss the claims against it under Rule 12(b)(1). *Id.*

The contribution statute provides that if there is no judgment against the tortfeasor seeking contribution, the right of contribution is barred unless the tortfeasor has discharged the common liability and commenced action for contribution or agreed to discharge the common liability and then paid the common liability and commenced action for contribution. O.R.S. 31.810(4). There is no judgment against Defendant, and Defendant does not plead that it has discharged the common liability.

Third-Party Defendant also asserts that the claim for indemnification is not ripe because Defendant has not been found liable to Plaintiff. Third Party Def. Reply 7 (citing *Ore-Ida Foods, Inc. v. Indian Head Cattle Co.*, 290 Or. 909, 919, 627 P.2d 469 (1981)). In *Ore-Ida Foods*, the Oregon Supreme Court held that an indemnification claim has three elements: (1) "[d]ischarge of a legal obligation owed by the payor to a third person"; (2) "[t]he person against whom indemnity is claimed must also be liable to the third person"; and (3) "[a]s between the claimant payor and the person against whom indemnity is claimed, the obligation ought to be discharged by the latter." 290 Or. at 919-20. Similarly, a legal claim for restitution seeks "the imposition of personal liability for the benefits that [the plaintiff] conferred upon [the defendant]." *See Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002). There are no allegations of a discharge of common liability or conferral of a benefit.

Defendant argues that it can bring its claims now because Federal Rule of Civil Procedure 14 permits them under these circumstances. Def. Resp. 7-9. Rule 14 allows a party to serve a third-party complaint "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Third-Party Defendant responds that "Defendant cannot rely on a federal procedural rule to negate substantive elements of Oregon law." Third Party Def. Reply 3.

Third-Party Defendant is correct that the existence of a judgment or discharge of common liability is a substantive element of a claim for contribution under Oregon law, and that discharge of common liability is an element of a claim for indemnification. However, Oregon courts have allowed third-party claims and cross-claims for contribution or indemnification even when there is no judgment against the party seeking contribution or indemnification and the common liability has not been discharged. *Riverview Condo. Ass'n v. Cypress Ventures, Inc.*, 266 Or. App. 612, 615-17, 338 P.3d 755 (2014) (holding that third-party claims for contribution and indemnification were properly raised under Oregon Rule of Civil Procedure 22 before entry of judgment or discharge of common liability); *Kahn v. Weldin*, 60 Or. App. 365, 371-72, 653 P.2d 1268 (1982) (holding that cross-claim for indemnification was properly raised before discharge of common liability under Oregon Rule of Civil Procedure 22B(2)). *See also S. Pac. Transp. Co. v. City of Portland*, 75 Or. App. 149, 152 n.2, 706 P.2d 1000 (1985) (favorably citing *Kahn* for "an action for contribution as a third-party action before discharge of the common liability").

In *Riverview Condominium* and *Kahn*, the Oregon Court of Appeals relied on Oregon Rule of Civil Procedure 22, which provides that a party may raise a cross-claim against a codefendant that "is liable, or may be liable, to" the party raising the cross-claim, or file a third-party complaint against a third-party defendant "who is or may be liable to the third-party plaintiff." Or. R. Civ. P. 22B, C. The Oregon Court of Appeals recognized that the rule was intended "to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from a set of facts, including claims contingent on the determination of other issues in the case." 60 Or. App. at 371.

As Defendant points out, Federal Rule of Civil Procedure 14 relies on the same principles. It permits a defendant to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim." *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989). Although discharge of common liability is an element of a claim for indemnification under Oregon law, and either discharge of common liability or the existence of a judgment is an element of a claim for contribution under Oregon law, Oregon courts have concluded that a third-party claim for contribution or indemnification may be maintained even if those elements of the claim are not met at the time the third-party complaint is filed. The Court therefore concludes that allowing Defendant's claims against Third-Party Defendant Harney County to proceed pursuant to Rule 14 does not offend Oregon law.

Because Defendant cannot pursue a comparative negligence affirmative defense with respect to Third-Party Defendants, trial will have to be carefully managed to ensure that the proper claims are presented to the jury. Defendant states that the parties "recently discussed the proposition of bifurcating the case to first explore the issue of duty." Def. Resp. 16. The Court will address appropriate adjudicatory procedures with the parties at a later date.

## IV.    Motion for a More Definite Statement

Finally, Third-Party Defendant moves for a more definite statement. Third Party Def. Mot. 15-16. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a

responsive pleading and must point out the defects complained of and the details desired." *Id.*
"Rule 12(e) motions are disfavored and rarely granted." *Conta v. City of Huntington Beach*, No.
821CV01897JLSKES, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022) (internal quotations
omitted). The FATPC alleges that Third-Party Defendant is liable for the conduct for which
Plaintiff claims Defendant is liable. It specifies the basis of liability and the basis for recovery. It
is not so vague or ambiguous that Third-Party Defendant cannot reasonably prepare a response.
The Court therefore denies the motion for a more definite statement.

## CONCLUSION

Third-Party Defendant Harney County's Motion to Dismiss [43] is DENIED.

IT IS SO ORDERED.

DATED: _____May 14, 2024_____.


_____
MARCO A. HERNÁNDEZ
United States District Judge