IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JACK MATTHEW HOGAN**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant/Third-Party Plaintiff,

v.

**HARNEY COUNTY, OREGON**

    Third-Party Defendant.

No. 3:23-cv-00765-AB

OPINION AND ORDER

**BAGGIO, J.**,

On July 26, 2024, Third-Party Defendant ("TPD") Harney County dismissed crossclaims against Aida M. Goma Petit because Defendant United States voluntarily dismissed Petit as a third-party defendant to the action. [ECF 60]. That same day, TPD Harney County moved for leave to file a third-party complaint ("TPC") against Petit to reassert its claims of indemnity and contribution against her. [ECF 61]. For the reasons set forth below, the Court GRANTS TPD Harney County's Motion. [ECF 61].

## BACKGROUND

On October 4, 2020, driver Aida M. Goma Petit and passenger Plaintiff Jack Matthew Hogan were riding in a motor vehicle on a road in Harney County, Oregon, when they approached a cattle guard in the road. Compl. [ECF 1] ¶¶ 26-27; TPC [ECF 21] ¶6. As alleged

1 – OPINION AND ORDER

by Plaintiff, Petit swerved to avoid the cattle guard wing, which extended into the road, and the vehicle rolled over causing severe injuries to Plaintiff. *Id*. ¶¶ 27-28. The relevant stretch of road was owned by Defendant United States and managed by the Bureau of Land Management. *Id*. ¶¶ 12-13. The road was also subject to a non-exclusive right of way granted to TPD Harney County. *Id*. ¶ 24.

Plaintiff sued Defendant on May 25, 2023, under the Federal Tort Claims Act ("FTCA") alleging that Defendant was negligent in the positioning, inspection, maintenance, and signage of the cattle guard. *Id*. ¶ 29. In response, Defendant moved to dismiss the Complaint for lack of jurisdiction, [ECF 7], which the Court denied. [ECF 16]. Defendant then answered the Complaint, asserting the affirmative defense of comparative fault of Plaintiff and unspecified third-party defendants. [ECF 17]. After Defendant identified Petit and TPD Harney County as third-party defendants, Defendant amended its answer. [ECF 25]. Plaintiff subsequently moved to strike Defendant's comparative fault affirmative defense, [ECF 26], which the Court denied as to Plaintiff and granted as to third-party defendants because the statute of limitations had run on Plaintiff's claims against third-party defendants. O&O [ECF 38] at 6-8.

Shortly after, Defendant filed a TPC against TPD Harney County and Petit, asserting claims of indemnity and contribution. TPC [ECF 28] at 3-7. In response, TPD Harney County moved to dismiss these claims, which the Court denied concluding 1) Defendant "may seek contribution and indemnity from Third-Party Defendant[s]," and 2) the claims are "not premature even though there [has been] no judgment against Defendant or discharge of common liability." O&O [ECF 51] at 5. TPD Harney County then answered the complaint asserting the affirmative defense of comparative fault and raising a crossclaim against Petit for contribution and indemnity. [ECF 53].

2 – OPINION AND ORDER

After being unable to serve Petit, Defendant dismissed her as a party to the action without prejudice. [ECF 56]. Because Petit was removed as a party, TPD Harney County voluntarily dismissed its crossclaims against her. [ECF 60]. That same day, TPD Harney County filed this motion for leave to file a TPC to reassert its claims against Petit. Mot. for Leave [ECF 61].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). When over 14 days have passed since the filing of its original answer, the court's leave is required. *Id.* Since TPD Harney County filed its answer on May 28, 2024, [ECF 53], leave of the Court is required for TPD Harney County to file a TPC against Petit. Fed. R. Civ. P. 14(a)(1).

Filing a TPC, also known as impleader, is limited to situations where "the third-party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1446 (1971 ed.)). The court must also assess whether impleading a third-party defendant will disadvantage the existing action or promote judicial efficiency. *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). *See also Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989) ("The purpose of [Rule 14] is to promote judicial efficiency…."). Whether to allow impleader of a third-party defendant is ultimately within "the sound discretion of the trial court." *Sw. Adm'rs*, 791. F.2d at 777.

## DISCUSSION

TPD Harney County moves for leave to file a TPC against Petit because, without leave, TPD Harney County will lose its right to pursue claims against her in the current proceeding. Mot. for Leave [ECF 61] at 3. Plaintiff responds that additional third-party claims would prejudice Plaintiff, substantially complicate the issues at trial, and significantly delay proceedings. Response [ECF 63] at 3-5. TPD Harney County alternatively argues that leave should be granted since "[f]ederal and Oregon [l]aw [p]ermits Third-Party Defendant's [c]laims," and equity requires joining Petit as a third-party defendant. Reply [ECF 66] at 5, 9. As examined below, applying the relevant legal framework to this case, the Court concludes that TPD Harney County's claims against Petit 1) derive from Plaintiff's original claims, 2) allege a valid cause of action, and 3) will not disadvantage the existing action. The Court therefore GRANTS TPD Harney County's Motion. [ECF 61].

**I.     Third-Party Defendant Harney County's Claims Against Petit are Derivative of Plaintiff's Claims in the Original Suit**

Federal Rule of Civil Procedure 14(a)(1) permits impleader only of third-party claims that are derivative of the plaintiff's original claim—that is claims that "attempt[] to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart*, 845 F.2d at 200 (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1446 (1971 ed.)). The third-party's claim must in some way depend on the outcome of the main claim. *Cf. One 1977 Mercedes Benz*, 708 F.2d at 452 (affirming dismissal of a TPC that asserted claims against various entities for a violation of constitutional rights because the claims were of an entirely different nature than the original forfeiture claim). Impleader of such claims may be permitted regardless of whether there has been a judgment or discharge of liability against the third-party plaintiff. *See* Fed. R. Civ. P. 14(a)(1) (permitting third-party plaintiffs to

implead "a nonparty who is or *may* be liable to it for all or part of the claim against it") (emphasis added).

TPD Harney County's third-party claim asserts that, if TPD Harney County "is held liable for damages alleged by Plaintiff, said damages were primarily the result of [] Petit's negligence… and not from actions of Harney County." Answer [ECF 53] ¶32.[1] This claim, by its words, attempts to transfer to Petit TPD Harney County's liability for Plaintiff's damages. *See Stewart*, 845 F.2d at 200. For example, if TPD Harney County is liable for part of Plaintiff's damages, TPD Harney County asserts that Petit should be liable for all or part of those damages. Alternatively, if TPD Harney County is not liable for Plaintiff's damages, TPD Harney County has no cause of action against Petit. The Court therefore finds that TPD Harney County's contribution claim against Petit is derivative of Plaintiff's claims under Rule 14.

## II.    Oregon Law Recognizes a Right of Contribution

When impleading third-party claims, courts should also consider "'whether the proposed third-party complaint alleges a cause of action for which relief may be granted.'" *Stephens v. Comenity, LLC*, 287 F. Supp. 3d 1091, 1094 (D. Nev. 2017) (quoting *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC*, 917 F. Supp. 2d 985, 989 (D. Ariz. 2013)); *see Stewart*, 845 F.2d at 200 (denying impleader of indemnity and contribution claims because these claims were not derivative of the original complaint and were not available causes of action to the third-party plaintiff under federal securities laws); *see also Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1057-58 (N.D. Cal. 2000) ("It makes no sense to permit such a potentially prejudicial expansion of the

---

[1] TPD Harney County incorporates by reference its indemnity and contribution claims against Petit as previously stated in its crossclaim. Mot. for Leave [ECF 61] at 2.

case at the expense of Plaintiffs, if the third-party plaintiffs do not have a valid theory of relief against the third-party defendants.").

Plaintiff does not directly challenge the merit of TPD Harney County's third-party claims; however, TPD Harney County maintains that a right exists under both Or. Rev. Stat. § 31.800 and Or. Rev. Stat. § 31.600 to file its third-party claims against Petit. Reply [ECF 66] at 5. The Court agrees that a valid cause of action exists under Or. Rev. Stat. § 31.800 but not Or. Rev. Stat. § 31.600 for TPD Harney County to file its third-party claims.

### a. Or. Rev. Stat. § 31.800

Oregon law preserves a tortfeasor's right to seek contribution against other tortfeasors when it has paid more than its share of damages to the plaintiff. Or. Rev. Stat. § 31.800(1); *see* O&O [ECF 51] at 5. This right of contribution against other tortfeasors exists even when the statute of limitations "applicable to a claimant's right of recovery against [the] tortfeasor" has run. Or. Rev. Stat. § 31.810(5); *see* O&O [ECF 51] at 7-8 (finding that a right of contribution exists for Defendant to bring contribution claims against TPD Harney County and Petit even though the statute of limitations on Plaintiff's claims against the third-party defendants have run); O&O [ECF 38] at 7 (same). Under Oregon law, claimants can properly assert a right of contribution in the original action before entry of a judgment or discharge of liability. *Riverview Condo Ass'n Cypress Ventures, Inc.*, 266 Or. App. 612, 615-17 (2014) (finding third-party claims for contribution and indemnity under Oregon law were properly raised before entry of judgment or discharge of liability); O&O [51] at 13-14 (concluding that Defendant's third-party claims can proceed against TPD Harney County and Petit before entry of a judgment or discharge of liability).

6 – OPINION AND ORDER

Although the statute of limitations has run on Plaintiff's claims against Petit, the plain language of Or. Rev. Stat. § 31.810(5) permits TPD Harney County to seek contribution against Petit for a share of its damages to Plaintiff. *See* Or. Rev. Stat. § 31.810(5). Further, Oregon law permits TPD Harney County to assert this right to contribution in the existing action even though there has not yet been an entry of judgment or discharge of liability. *See Riverview*, 266 Or. App. at 615-17. The Court therefore concludes that TPD Harney County's third-party claims against Petit have merit under Oregon law.

### b. Or. Rev. Stat. § 31.600

Or. Rev. Stat. § 31.600 is a comparative negligence statute that permits the named defendant to file a TPC against a tortfeasor alleged to be at fault in the matter, who is not joined as a defendant to the action by plaintiff. Or. Rev. Stat. § 31.600(3). The statute further states that "there shall be no comparison of fault with any person… [w]ho is not subject to action because the claim is barred by a statute of limitation…." Or. Rev. Stat. § 31.600(2)(c); *see* O&O [38] at 8 (finding that TPD Harney County and Petit "are not subject to [the] action because the statute of limitations on negligence claims against them has run, so their fault cannot be compared with the fault of Defendant.").

TPD Harney County argues that a right exists under Or. Rev. Stat. § 31.600 for TPD Harney County to implead Petit as a joint tortfeasor, even though the statute of limitation has run for Plaintiff's negligence claims against Petit, because the statute of limitations has not yet run for TPD Harney County's contribution claims against Petit. The right of contribution, however, is distinct from the affirmative defense of comparative fault. *See Lasley v. Combined Transport, Inc.*, 351 Or. 1, 14 (2011) ("[A] defendant that seeks to rely on a specification of negligence not alleged by the plaintiff to establish a codefendant's proportional share of fault must affirmatively

plead that specification of negligence… not in a crossclaim for contribution."). As such, the relevant statute of limitations for purposes of liability under Or. Rev. Stat. § 31.600 is that for negligence claims against Petit, not contribution claims. Since the statute of limitations has run for negligence claims against Petit, TPD Harney County has no right under Or. Rev. Stat. § 31.600 to implead Petit for comparison of fault.

This interpretation of Or. Rev. Stat. § 31.600 is consistent with *Linhart v. Heyl Logistics, LLC*, 2012 WL 325844 *3 (D. Or. Feb. 1, 2012). In *Linhart*, a defendant sought to implead a third-party defendant under Or. Rev. Stat. § 31.600 who was voluntarily dismissed by plaintiff as a party to the action. The district court denied defendant's request because its claims against the third-party defendant were barred by the statute of limitations. *Id.* Any right of contribution that was available to the defendant under Or. Rev. Stat. § 31.810(5)—which allowed defendants to seek contribution from the third-party defendant—"[did] not eliminate the statute of limitations on [defendant's] third-party claims" for purposes of comparison of fault under Or. Rev. Stat. § 31.600. *Id.* In sum, the Court finds that TPD Harney County's third-party claims against Petit assert a valid cause of action under Or. Rev. Stat. § 31.800, but not Or. Rev. Stat. § 31.600.[2]

### III.  Allowing Third-Party Defendant Harney County's Claims Will Not Disadvantage the Existing Action

Even though the Court finds that TPD Harney County's third-party claims are derivative of Plaintiff's original action and have merit under Oregon law, the Court can use its discretion to

---

[2] TPD Harney County also argues that equity requires joining Petit as a TPD to this action since Plaintiff uses the statute of limitations as a "sword" to prevent the availability of this affirmative defense for TPD Harney County. Reply [ECF 66] at 9. Nevertheless, TPD Harney County can seek the same affirmative recovery from Petit under Or. Rev. Stat. § 31.800, so its equity argument fails. *Cf. City of St. Paul, Alaska v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003) (finding that the statute of limitations could not be used to bar all available defenses when defendant was not seeking affirmative recovery on an identical claim).

deny leave to file third-party claims if they disadvantage the existing action. *See Sw. Adm'rs*, 791. F.2d at 777. In exercising its discretion, courts will generally consider the following factors: "1) prejudice to the original plaintiff; 2) complication of issues at trial; 3) likelihood of trial delay; and 4) timeliness of the motion to implead." *Irwin*, 94 F. Supp. 2d at 1056 (citing *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971))[3].

Plaintiff argues that leave should be denied since the claims will prejudice Plaintiff, complicate issues at trial, and substantially delay proceedings. Response [ECF 63] 3-5. The Court disagrees.

### a. Prejudice to Plaintiff

Plaintiff first argues that leave should not be granted for TPD Harney County's third-party claims against Petit since the time and expense associated with adding an additional party will prejudice Plaintiff. Response [ECF 63] at 3-4.

Although it is possible that the addition of a party may warrant limited extension of court deadlines, Plaintiff does not articulate why impleading TPD Harney County's third-party contribution claims will be more costly and time consuming to Plaintiff. Had Defendant not voluntarily dismissed Petit, she would still be a party to this action subject to the same contribution claims now asserted against TPD Harney County. In addition, Plaintiff need not focus on third-party claims asserted against third-party defendants since they are not central to Plaintiff's case. The Court therefore finds that Plaintiff will not be prejudiced by TPD Harney County's third-party claims.

---

[3] The parties do not cite, and the Court is not aware of, a binding Ninth Circuit case that sets out discretionary factors to consider when granting a party leave to file a third-party complaint. Nevertheless, the Court finds persuasive the factors enumerated by other Ninth Circuit district courts, *see Irwin*, 94 F. Supp. 2d at 1056 (citing *Somportex Ltd.*, 453 F.2d at 439 n. 6), and, as such, the Court will address each factor as it relates to TPD Harney County's claims.

### b. Complication of Issues at Trial

Plaintiff next argues that leave should be denied for TPD Harney County to file third-party claims against Petit since the claims will substantially complicate the issues at trial.[4] Response [ECF 63] at 4. Specifically, Plaintiff alleges that it would confuse a jury to have his existing personal injury action against Defendant—which does not carry a right to trial by jury—decided by a judge, and the state-based third-party contribution claims decided by a jury. *Id.*

Judicial efficiency is generally best served by having all claims involving the same matter resolved in a single proceeding. *See Kim,* 871 F.2d at 1434 ("The purpose of [Rule 14] is to promote judicial efficiency by eliminating the necessity for… separate action[s]. . . ."); *see also FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002) (finding impleader of contribution claims against a joint tortfeasor appropriate when the "'essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'") (quoting *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995)). While Plaintiff's concerns of trial complications related to bifurcating some issues to be resolved by the Court and other issues to be resolved by a jury are not completely unfounded, third-party contribution is already an issue in the underlying case—Defendant asserts claims of contribution and indemnity against TPD Harney County. *See generally* TPC [ECF 28]. Allowing TPD Harney County's third-party contribution claims against

---

[4] Plaintiff cites *Ahern v. Gaussoin*, 104 F.R.D. 37 (D. Or. 1984), and *Helferich*, 917 F. Supp. 2d. at 989, to support his argument that inclusion of TPD Harney County's claims against Petit would substantially complicate the issues at trial. Not only are these cases not binding on this Court, but they are also distinguishable. Specifically, unlike this case, *Ahern* involved an *untimely* motion for leave to file a third-party complaint in an already complex securities action, which asserted "vague and conclusory" claims that would delay the action. 104 F.R.D. at 41-42. Similarly, *Helferich* involved an untimely motion for leave to file a third-party complaint against multiple third-party defendants, which would delay proceedings by introducing new and complex issues that had no relationship to the existing claims. 917 F. Supp. 2d at 989-991.

10 – OPINION AND ORDER

Petit would thus not add substantially different issues that would cause more confusion in the existing action. The Court therefore finds that judicial efficiency would be better served by having TPD Harney County's claims against Petit resolved in the same proceeding.

The Court also recognizes that since only some claims carry a right to trial by jury the trial will have to be carefully managed to ensure the proper claims are presented to the jury.[5] The proper adjudicatory procedure, including the possibility of bifurcation or severance, will be addressed at a later date when the parties to the case have been decided and the issues are properly before the Court.

### c. Delay in Proceedings

Finally, Plaintiff argues that leave should not be granted because it would cause an undue delay of proceedings. Plaintiff argues it would require accommodating additional counsel into existing schedules, and it would demand more time for pleadings, motions, discovery, and trial.

Plaintiff is not wrong that impleader of an additional third-party may warrant limited extensions of existing court deadlines; however, there is currently no trial date set. In fact, the existing discovery plan in this case focuses solely on the issue of liability, not damages. [ECF 57]. Since TPD Harney County's third-party contribution claims relate to the issue of damages, not liability, impleading these claims will not substantially affect existing court deadlines. [ECF 59]. As such, the Court finds that the benefits of resolving all issues related to Plaintiff Hogan's accident in one proceeding outweigh the risk of delay in the proceedings.

---

[5] There is no right to trial by jury in suits brought under the FTCA. 28 U.S.C. §2402. As such, Plaintiff's FTCA claims against Defendant will be tried by the Court. Alternatively, Oregon Rule of Civil Procedure 51 permits a jury trial for all claims involving issues of fact. Or. R. Civ. P. 51C. Given that the third-party claims for contribution present issues of fact—namely whether TPD Harney County and/or Petit are responsible for all or part of Plaintiff's damages—a jury trial will be permitted for these claims.

## CONCLUSION

For the reasons stated above, the Court GRANTS TPD Harney County's Motion for Leave to File Third-Party Complaint. [ECF 61]. The parties' request for oral argument is denied.

IT IS SO ORDERED.

DATED this 9th day of October, 2024.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge